CAROLINE FRIED, Respondent, *v.* THE ROYAL INSURANCE COMPANY, Appellant.

By the terms of a contract made by plaintiff with defendant's agent; in consideration of the payment of the premium upon a proposal for insurance upon the life of her husband, it was agreed that the proposal should be forwarded to defendant's head office in London, and, if accepted, that a policy should be issued in accordance therewith; if declined, the premium should be returned. In case the husband died before the decision was received, the sum insured was to be paid. The proposal was forwarded and accepted and policy returned, to be executed by the agent and delivered. The agent executed it, but refused to deliver it upon the ground of an alleged unfavorable change in the health of the husband. The latter died soon after, and defendant refused to recognize the policy as binding, claiming that the contract was optional, and the acceptance qualified by standing instructions to the agent, not to deliver any policy if a change had taken place in the health of the assured.

In an action to recover the amount of the policy,—*Held*, that the contract and acceptance were unqualified and could not be limited or modified by the private instructions to the agent. That the facts being stated in the complaint, it was immaterial whether the action was to be regarded as one upon the policy, or for damages upon the contract to issue a policy; in either view, plaintiff was entitled to recover the amount insured or agreed to be insured.

(Argued June 18, 1872; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought upon an alleged contract of life insurance. Defendant is a foreign corporation having an office and doing business in the city of New York. Plaintiff applied to its agent there for an insurance upon the life of her husband; presented a proposal and paid the premium and received the following receipt:

"The Royal Insurance Company of Liverpool, New York Agency, 19th December, 1864.—Received from Mrs. Caroline Fried the sum of eighty 25-100 dollars, premium on a proposal of assurance for five thousand dollars on the life of her husband, Heinrich Fried, which is to be forwarded immediately to the head office at Liverpool, England, for acceptance. If it be accepted, a policy will be issued in accordance therewith; if declined, the above mentioned premium will be returned. But in case the said Heinrich Fried die before the decision of the head office shall have been received, the sum insured will be paid in accordance with my instructions.

"$80.25.

"A. B. McDONALD, *Agent.*"

The proposal was forwarded, received and accepted, and a policy of insurance issued by defendant and forwarded to the agent to be executed and delivered. The agent executed the policy, but declined delivering it; having been advised that the health of the assured had declined. When the second annual payment became due, the plaintiff tendered it to the agent who refused to accept it. On the 15th of January, 1866, the husband died. Due proof was made and furnished defendant.

*W. W. McFarland* for the appellant. Without mutual assent there is no contract. (*Atkinson* v. *Bell*, 8 B. & C., 272; *Simons* v. *Swift*, 5 id., 857.) No contract of insurance was ever effected by the mutual assent of the parties. (*Jack-*

*son* v. *Galloway*, 6 Scott, 786 ; Pothier on Obligations, part 1, chap. 1, art. 2 ; *Bruce* v. *Pearson*, 3 John., 534; *Jordon* v. *Norton*, 4 Mees. & W., 155 ; *Hollard* v. *Eyre*, 1 S. & S., 194; *Eliason* v. *Henshaw*, 4 Wheat., 225 ; *Wontner* v. *Sharpe*, 4 C. B., 404, 441 ; *Duke* v. *Andrews*, 2 Exch., 290; *Chaplin* v. *Clark*, 4 id., 403 ; *Bethel* v. *Hawkins*, 21 La. Ann., 620 ; *U. S.* v. *Shaw*, 1 Cliff. C. C., 317; *Water Commissioners* v. *Brown*, 3 Vroom., 504; *Trevor.* v. *Wood*, 36 N. Y., 307.)

*Roger A. Pryor*, for the respondent. The questions of fact will not be reviewed in this court. (*Austin* v. *New Jersey Co.*, 43 N. Y., 76 ; *Fellows* v. *Northrup*, 39 id., 117 ; *Brown* v. *Vreedenburgh*, 43 id., 119 ; *Newton* v. *Harris*, 6 id, 345 ; *Marco* v. *Liverpool, etc.*, 35 id., 664; *Bergin* v. *Wemple*, 30 id., 319 ; *Thompson* v. *Kepel*, 30 id., 383 ; *Kerr* v. *McGuire*, 28 id., 446; *Loeschick* v. *Baldwin*, 38 id., 326.) Any instructions confidentially communicated to their agent by the defendant were inadmissible to affect the plaintiff. (*Miller* v. *Phœnix Ins. Co.*, 27 Iowa, 203 ; *Commerce Co.* v. *Union Ins. Co.*, 19 How. [U. S.], 322 ; *Perkins* v. *Wash. Ins. Co.*, 4 Cow., 645 ; *Lightbody* v. *The North American Ins. Co.*, 23 Wend., 18; 2 Story on Agency, § 133 ; 1 Liver. on Pr. and Agent, 107.) The authority of the agent not being contested the case exhibits a clear, complete, obligatory contract of insurance. (*Miller* v. *Phœnix Ins. Co.*, 27 Iowa, 203 ; *Lightbody* v. *Wash. Ins. Co.*, 23 Wend., 18; Angell on Fire and Life Ins., § 33 ; *Sheldon* v. *Connecticut Mut. Life Ins. Co.*, 25 Conn., 207 ; *Collins* v. *The Insurance Co.*, 2 Big. Life and Accid. Rep., 161 ; *Kentucky Mut. Life Ins. Co.* v. *Jenks*, 5 Ind. R., 96 ; *Kennedy* v. *The N. Y. Life Ins. Co.*, 10 La. Ann., 809 ; *Commerce Ins. Co.* v. *Union Co.*, 19 How. [U. S.], 318 ; *Xenos* v. *Wickham*, 2 L. R. H. of L. Cases, 296 ; *Taylor* v. *Merchants' Ins. Co.*, 9 How. [U. S.], 390 ; *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y., 216 ; *Palm* v. *Medina Ins. Co.*, 20 Ohio, 529 ; *Mactier* v. *Frith*, 6 Wend., 103 ; *Wheat* v. *Cross*, 31 Md., 99 ; *Oliver* v. *The Mutual, etc.*, 2 Curtis, C. C., 290 ;

*Rockwell* v. *The Hartford Fire Ins. Co.*, 4 Abb., 179; *Bidwell* v. *The Astor Mut. Ins. Co.*, 16 N. Y., 263; *Ide* v. *Phœnix Ins. Co*, 2 Chicago L. N., 310; *Leeds* v. *The Mechanics' Ins. Co.*, 8 N. Y., 351; *Halleck* v. *The Commercial Ins. Co.*, 2 Dutch., 268; S. C., 3 id., 645; *Whittaker* v. *Farmers' Union Ins. Co.*, 29 Barb., 312; *Perkins* v. *Washington Ins. Co.*, 4 Cowen, 654; *First Baptist Church* v. *Brooklyn, etc.*, 19 N. Y., 305; *Kelly* v. *Commonwealth Ins. Co.*, 10 Bosw., 82; *Vassar* v. *Camp*, 11 N. Y., 441; *Trevor* v. *Wood*, 36 id., 307; *Lightbody* v. *The North American Life Ins. Co.*, 23 Wend., 18.) The agent had no right to withhold the policy. (*Lightbody* v. *The North American Life Ins. Co.*, 23 Wend., 18; *Perkins* v. *The Washington Ins. Co.*, 4 Cowen, 656; *Sheldon* v. *The Connecticut Mutual Life Ins. Co.*, 5 id., 207; *Hallock* v. *Commerce Ins. Co.*, 2 Dutcher, 268; S. C., 3 id., 665.) Assuming the policy ineffectual as evidencing a contract, this judgment may be sustained on the executory agreement of December 19, 1864. (*Pratt* v. *Hudson River R. R. Co.*, 21 N. Y., 305; *Post* v. *Ætna Ins. Co.*, 43 Barb., 352; *Eureka Ins. Co.* v. *Robinson*, 56 Penn., 256; *Home Ins. Co.* v. *Favorite*, 46 Ill., 263; *Rockwell* v. *The Hartford, etc.*, 4 Abb., 179; Angel on Life and Fire Ins., §§ 31, 32.)

Church, Ch. J. There is no dispute that the agent had authority to make the precise contract which he did make with the plaintiff, and the acceptance of the proposition contained in it by the defendants is conclusive of their assent to the exercise of such authority in their behalf.

The terms of the contract are too clear for construction. It contains a proposition on the part of the plaintiff for insurance of the life of her husband, for which she advanced the usual premium for one year. The defendants, by their agent, agreed that if the proposition was accepted at their head office in Liverpool, they would issue a policy in accordance therewith, but if rejected, they would return the premium. If the nominee died before the decision of the head office was

received, the sum insured was to be paid in accordance with instructions. It was a present insurance in the event of death before the decision was received, and the only contingency upon which the contract of insurance could fail, was the rejection by the head office of the proposition, and the receipt of such decision before the death of the nominee. To this extent only the assured took the risk of a failure to consummate the contract. That contingency did not happen. The defendants accepted the proposition and forwarded a policy to their agent, to be executed and delivered. It was executed by the agent, but never delivered on the ground of an alleged unfavorable change in the health of the nominee.

It is now claimed by the learned counsel for the defendants, that no contract was ever consummated; that it was entirely optional with the company whether to accept or reject, and that the acceptance must be qualified by the standing instructions from the company to the agent, the substance of which, as claimed, is not to deliver any policy if a change had taken place in the health of the assured. It is proper to observe that it is immaterial whether this is to be regarded as an action upon the policy or an action for damages upon the contract to issue a policy.

The facts are sufficiently stated in the complaint to recover on either ground under our system of practice, and I do not understand that any technical objection is made upon this point. The point insisted upon, as before stated, is that the acceptance was not absolute, but qualified by the general instructions to the agent. This position cannot be sustained for two reasons. First. The instructions constituted no part of the contract and were never brought to the notice of the assured, and, as claimed to be, are inconsistent with the terms of the contract. The contract is unqualified, that in case of acceptance by the head office, " a policy will be issued." If the alleged instructions are controlling, we must interpolate the words "unless in the mean time a change shall take place in the health of the nominee." This would be a material alteration, and one affecting the substance of the contract.

The contract of insurance was to take effect from the date of the proposal. If accepted, the risk of an unfavorable change of health, after that time, was necessarily assumed by the company, Even death, before the receipt of the decision of the company, was expressly assumed by it. The assured took the risk that the application was in the prescribed form, and presented a proper subject for life insurance at that time, not that the nominee would continue in such a state of health as to be acceptable to the company for an indefinite period. The company was to act upon the papers presented, and they related to the condition of the nominee at the time they were prepared. If the papers presented showed a proper case for insurance, the risk of rejection by the company was very slight, while the risk of the health of the nominee for one, two or six months might be very serious.

In effect, there would be no insurance unless the nominee continued in good health or died, until the policy was delivered.

The alleged instructions could have no such effect upon the contract. They could not alter or qualify the terms of the contract to the prejudice of the plaintiff. If the agent made a contract in violation of or inconsistent with his instructions, the plaintiff had no notice of it, and the principal afterward ratified it.

It is argued that, having the power to accept or reject the proposal, the company might do either with qualifications. It is sufficient to answer that they did not make any qualification. The acceptance was absolute, and the supposed qualification is not binding upon the plaintiff so as to vary the terms of the agreement. It was competent for the company to make a contract in entire disregard of the instructions to their agent. They are chargeable with knowledge that this contract is inconsistent with what is now claimed to be their instructions to their agent, and with that knowledge to have assented to it, and it is too clear for argument that they cannot set up the instructions to defeat it. It is a familiar principle that private instructions to an agent will not affect third per-

sons. (4 Cow., 645; 23 Wend., 18; 2 Story on Agency, § 133.) But this is a case where the principal assented to a contract inconsistent with the instructions.

In the next place, I do not think the instructions will bear the construction claimed by the defendants' counsel. They are as follows: "No policy is to be in force, or is it to be delivered on any account whatever, until the premium be paid. If it should therefore come to your knowledge that any change shall have taken place in the health of the assured between the date of the proposal and the receipt of the policy, you will please withhold it until you have communicated with the company on the subject."

This direction not to deliver a policy applies only to cases where the premium has not been paid. In such cases, the application would be for a contract to commence at a future time. In other words, there would be no insurance, provisional or otherwise, until the premium was paid. In such a case, it would be reasonable and proper that the applicant should then be satisfactory, but to apply this direction to such a contract as this, where the premium has been paid, would be unreasonable if not absurd. It would deprive the party of any insurance until the delivery of the policy. Such a construction is repelled by the clause, that in case of the death of the party before the decision of the head office is received, the sum insured shall be paid. It cannot be supposed that the parties intended to protect the plaintiff in case of the death of the nominee before the delivery of the policy, and not to protect her in case of an unfavorable change of health.

Looking at the language of the instructions and the terms of the contract, the situation of the parties and the objects to be attained, and giving that construction to the language most unfavorable to the party using it, as we are bound to, the instructions produced in evidence have no application to this case. With those out of the case, it is not claimed but the acceptance by the company of the proposal consummated the contract.

The minds of the parties then met, and the mind of each

was evidenced by an act upon which the other had a right to rely. The plaintiff said I will give you so much a year to insure my husband's life, and pay you the first year in advance, to which the defendants answered, I accept your proposal and receive your money, and I will issue a policy.

This is a binding contract within all authorities. (6 Wend., 103; 36 N. Y., 307.) Those cited by the defendants' counsel are not in conflict with these views.

Although the defendants failed to issue the policy according to their contract, yet they are liable, I think, upon the contract, as a contract of insurance, and, at all events, are clearly liable for damages for not delivering the policy.

The decision by the referee upon the disputed question of fact, whether there was fraud in the original application or not, which is conclusive upon us, fixed the liability of the defendants in this case, and the judgment must be affirmed.

All concur.

Judgment affirmed.