### JANUARY TERM, 1880. 683

Van Slyke vs. The Trempealeau County Farmers' Mut. Fire Ins. Co.

## VAN SLYKE vs. THE TREMPEALEAU COUNTY FARMERS' MUTUAL FIRE INSURANCE COMPANY.

*March 10 — March 30, 1880.*

MUTUAL FIRE INS. CO. *Charter construed. Who members of the company on its first organization.*

Under ch. 374, P. & L. Laws of 1870, the secretary of the defendant company, who was its general agent for that purpose, received applications of more than fifty persons for insurance and membership in the company, accompanied by their premium notes, etc.; and plaintiff's application and premium note were so received, and his due bill for the ten per cent. and fees required to be paid in advance was accepted by the secretary; and the board of directors thereupon completed the organization of the company. *Held*, that plaintiff (like all other persons whose applications, etc., had been so received up to the time of such organization) was a member of the company, liable to assessment for the payment of subsequent losses of other members, and entitled to a policy upon the property described in his application; although the directors had not formally approved of such application, or indorsed their approval thereon, as required by the by-laws adopted on the day of such organization.

APPEAL from the Circuit Court for *Columbia* County.

Action upon an alleged contract of insurance against loss by fire. The case is stated in the opinion; but it may be further observed, 1. That one of the by-laws adopted by the board of directors at their meeting of February 17, 1872, was in these words: "Sec. 21. Applications for insurance, or for any change in the policy of insurance, in all cases shall be passed upon and approved or rejected by at least two directors, whose names shall be indorsed thereon." 2. That it appears from the evidence of the secretary of the defendant company, that in respect to the fifty-nine applications received by him before the meeting of February 17, 1872, the directors took no action, either of approval or disapproval, until March 8th of the same year.

The plaintiff appealed from a judgment of nonsuit.

For the appellant, briefs were filed by *Cameron, Losey & Bunn*, and there was oral argument by *Mr. Bunn*.

*Lloyd Barber*, for the respondent.

Orton, J.   The respondent company was incorporated by chapter 374 of the P. & L. Laws of 1870.   The first section of the act names the persons who are authorized to take the necessary measures to appoint officers, open books and receive applications for insurance, and to complete a full organization of the company.

It appears in evidence that one Isaac Clark was secretary and general agent of the company to receive such applications, accompanied by premium notes, from residents of said county, for the purpose of such full organization, and that the appellant, who was a resident of the said county of Trempealeau, on the 27th day of January, 1872, signed a written application for insurance upon the property burned, and gave his premium note therefor, in the form required, and presented and gave his due-bill for the per cent. and fees required to be paid in advance.   And it further appears that the appellant was one of more than fifty applicants for insurance in the same form, and for the same purpose, up to and before the 17th day of February, 1872; and that on that day there was a meeting of the directors, called for the purpose of completing the organization of the company and adopting by-laws, at which the following proceedings were had: "On motion, the by-laws were read and adopted, as recommended by a previous committee appointed for that purpose.   On motion, the following preamble and resolutions were adopted: 'Whereas an act passed by the legislature, and approved March 15, 1870, authorizing the citizens of Trempealeau county to organize a mutual fire insurance company, known by the name of Trempealeau County Farmers' Mutual Insurance Company, upon certain conditions that the company shall number fifty members before they are fully organized; and whereas the com-

pany has now the required number, and many more: therefore, *Resolved*, that the company proceed to issue policies in accordance with the law and by-laws of said corporation.' "

On the next day after this formal organization of the company, the property was destroyed by fire; and the appellant gave the secretary of the company notice thereof soon after the fire, and made out and presented to him his proofs of loss. On the eighth day of March thereafter, the directors of the company rejected the application of the appellant, and within a month or so thereafter returned to him his application, premium note and proofs of loss, which he refused.

Many of the questions raised seem to us to be disposed of by the charter of the company. Section 21 of the act provides that "any person being a resident of the county of Trempealeau may become a member of this company by subscribing his name to such application therefor as the company may provide and use in making insurance, and paying the secretary a fee of $1.50, and also ten cents on each $100 insured."

There can be no question but that the appellant substantially complied with this provision, and thereby became a member of the company to all intents and purposes, and bound. He could not withdraw such application and premium note if he would, for his premium note became a part of the only fund the company had out of which to pay losses. Sections 23, 25 and 26 provide for the assessment of each applicant for insurance upon his premium note proportionably, to pay losses, and in analogy to the general statute relating to mutual fire insurance companies, passed at the same session of the legislature, in which there is a similar provision for organization when and after a certain number of applications are made and premium notes given, and that such notes "shall remain as security for all losses and claims," etc. It may be that the directors of the company might have the authority to reject any one of these original applications and

refuse to receive it or the premium note offered, for good reasons; but such authority should be exercised at the time, and before the applicant becomes bound as a member of the company. The secretary had the right to receive the appellant's application and premium note, and waive, if he saw fit, the payment in money down of his fee and the per cent.; for he was, in the largest sense, and is made so by the charter, for receiving these applications, the general agent of the company; and there can be no question in this case that he has done so.

Section 44 provides that "no claim for loss or damage by fire which may occur previously to the company numbering fifty members, or possessing a capital of $25,000, shall be valid against said company, and no person shall be liable to tax for losses or damage by fire which may have occurred prior to the date of his or her membership." It is quite obvious, if no other reason were apparent, that this provision, that the company shall not be liable for losses occurring before the company numbers fifty members, is tantamount to providing that for any loss by fire, to any of the members, *after* the company numbers fifty members, the company shall be liable; and this provision can relate only to such members as had become such by just such application and premium note as the appellant had given in this case.

It is objected that the directors had not formally approved of this application, and, according to the by-law cited, indorsed such approval thereon. In answer to this objection it is sufficient to say that the charter requires no such approval, and the by-law was not adopted until the fifty applications had been made, of which this was one. It is sufficient, so far as the rights of the appellant are concerned, that his application was one of the number by reason and by *virtue* of which the company became fully organized, and he had the same rights as any other of the members.

It was not shown that his application was *disapproved* until

long after the fire, and it appears that for a long time after such disapproval, on the 8th day of March, the company still held on to his application and premium note; and if any other loss had occurred in the mean time, there can be no question but that the appellant would have been liable to pay, to meet the same, his proportion, by assessment upon his premium note.

The authority of the secretary, as general agent of the company, appears by the charter to be *paramount* in receiving these first applications and premium notes, preliminary to the full organization of the company after having received fifty of the same; but, even as the general agent of the company, his authority to waive any of the conditions of the policy has been too often decided by this court to bear an argument. The right of the appellant to a policy of insurance in form was perfect and complete on the 17th day of February, the day before the fire, and his rights and liabilities were unalterably fixed, and it makes no difference that the policy had not. been formally issued before the fire. May on Ins., 41, 42; *Eames v. Ins. Co.*, 94 U. S., 621; *Insurance Co. v. Webster*, 6 Wall., 129; *Fried v. Royal Ins. Co.*, 50 N. Y., 243; *Palm v. Insurance Co.*, 20 Ohio, 529.

It appears to us that by every reason, and by all authorities, the respondent company became liable to pay for this loss, upon the evidence as reported; and at all events that the case should have been submitted to the jury.

*By the Court.*— The judgment of the circuit court is reversed, with costs, and the cause remanded for a new trial therein.