(92 Misc. Rep. 190)

## LASCH v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

INSURANCE ⊜388—LIFE POLICY—APPLICATION—WAIVER OF PROVISIONS.

The provision of the application for life insurance, that insurance shall not take effect till the first premium is paid and the policy delivered to insured while in good health, is not waived by the agent, when taking part of the first premium, stating to insured that he was insured, and that he had received the policy, but had forgotten it, and would mail it to him.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. ⊜388.]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Sadie Lasch against the New York Life Insurance Company. From a judgment for plaintiff (153 N. Y. Supp. 898) for $1,125.25, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

James H. McIntosh, of New York City (Louis H. Cooke, of New York City, of counsel), for appellant.

Charles S. Aronstam, of New York City (Benjamin Davidson, of New York City, of counsel), for respondent.

PAGE, J.   This is an action to recover upon a policy of life insurance issued by the defendant upon the life of the plaintiff's husband.   Resolving all controverted facts in the plaintiff's favor, it appears that a soliciting agent of the defendant company called upon the plaintiff and attempted to induce her to have her husband insure his life for her benefit.   She told the agent they had no money, whereupon the agent replied that he could insure her if she would pay $1 per week, and she would be insured from the time of the first payment. Thereafter a written application for insurance in the sum of $1,000 was signed by the plaintiff's husband on December 14, 1914, and he was duly examined by the medical examiner of the company.   This application contained a printed statement directly above the signature of the applicant:

"I agree as follows: (1) That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that, unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application. (2) That any payment made by me before the delivery of the policy to and its receipt by me as aforesaid shall be binding on the company only in accordance with the terms of the company's receipt therefor on the receipt form which is attached to this application and con-

tains the terms of the agreement under which said payment has been made and is the only receipt the agent is authorized to give for such payment. (3) That only the president, a vice president, a second vice president, a secretary, or the treasurer of the company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application."

On December 24, 1914, the agent called upon the plaintiff and informed her that he had received the policy. The plaintiff thereupon paid $1 on account, and the agent said he had forgotten to bring the policy, but would send it by mail. The plaintiff's husband was suddenly stricken with pneumonia, and died on December 30, 1914. On January 1, 1915, the plaintiff's brother paid $5 to the agent and received the policy from him. The policy called for a quarterly premium of $13.33. On learning of the death of the insured, the agent went to plaintiff's brother, who had paid the $5, tendered it back to him, and demanded a return of the policy.

The question to be determined is whether the agent by his conduct waived the provisions of the application that the policy should not take effect until the first premium is paid and the policy delivered to the insured while alive and in good health. The learned trial justice, following the case of Stewart v. Union Mutual Life Ins. Co., 155 N. Y. 257, 49 N. E. 876, 42 L. R. A. 147, held that these provisions were waived and granted judgment for the plaintiff. I am of the opinion, however, that the Stewart Case is not controlling in the case at bar. The Stewart Case was decided upon a peculiar state of facts, namely, that a note for the amount of the first premium was accepted by the general agent of the company and the policy delivered to the insured several months prior to his death. As pointed out by Judge Bartlett in Russell v. Prudential Ins. Co., 176 N. Y. 178, at page 185, 68 N. E. 252, at page 254 (98 Am. St. Rep. 656), in distinguishing the Stewart Case:

"It is thus rendered clear by inevitable inference that the home office in Maine must have been advised of this departure from the strict rule in regard to the payment of premium at the time the policy was issued and had ratified the action of its manager. It cannot be fairly assumed that a policy taking effect the latter part of April had not been reported to the home office by the following August."

In the instant case, however, there was no evidence of any knowledge on the part of the company that its agent had departed from his instructions, and nothing upon which to base a ratification or estoppel. The language of the application was clear, and, we must presume, was read by the insured before he signed it. It notified him of the only conditions under which the policy would become effective, and expressly notified him that the agent had no authority to waive or abrogate any of its provisions. The legal effect is that the insured covenanted with the company directly, and not through its agent, that the policy was not to be binding upon the company until the first premium was paid in full.

Is this contract to be enforced as clearly written, or is it to be ignored for the reason that men enter into contracts without reading them, and assume that a vague and unproven custom exists permitting

a local agent to give life and validity to the policy without reference to the terms of the contract of insurance? The question may be put in another form: Can an insurance company enter into a contract with a person applying for insurance, which can so fix the precise conditions under which the policy shall issue that the agent, in the absence of express authority, cannot abrogate it? It would seem that the mere statement of the foregoing questions would compel an answer in favor of the company, without argument. Russell v. Prudential Ins. Co., supra, 176 N. Y. at page 188, 68 N. E. 252, 98 Am. St. Rep. 656.

In the case at bar, not only was the first premium not paid at the time of the death of the insured, but the policy was never delivered during his lifetime. It is true that the placing of a completed policy into the hands of an agent for delivery to the insured without condition has been held equivalent to delivery to the insured, though actual delivery is not made before the death occurred. Fried v. Royal Ins. Co., 50 N. Y. 243. But this rule does not apply where the delivery of the policy to the agent of the company is made with the understanding that it is to be held until after the performance of some condition. In the present case the agent had instructions not to deliver the policy until the first premium was in his hands. As this condition had not been complied with, the delivery to the agent could not be said to be a valid delivery to the insured.

The judgment appealed from should be reversed, with costs, and the complaint dismissed on the merits, with costs.

°SHEARN, J., concurs.

BIJUR, J. I dissent. It seems to me that the statement of the agent to the insured that he was insured, and the delivery of the policy coincident therewith, constituted a waiver by the company of the condition that the first premium must be paid in full. The principle that such circumstances *at the inception of the policy* constitute a waiver is too firmly fixed in the jurisprudence of this state (Wood v. Am. Fire Ins. Co., 149 N. Y. 382, 385, 44 N. E. 80, 52 Am. St. Rep. 733; Skinner v. Norman, 165 N. Y. 565, 59 N. E. 309, 80 Am. St. Rep. 776; Stewart v. Union M. L. I. Co., 155 N. Y. 257, 49 N. E. 876, 42 L. R. A. 147) to be shaken by a single decision like Russell v. Pru. Ins. Co., 176 N. Y. 178, 68 N. E. 252, 98 Am. St. Rep. 656. This consideration is pointed out in the recent case of McClelland v. M. L. I. Co., 151 App. Div. 264, 269, 135 N. Y. Supp. 735.

The statement of the agent that he had the policy, but had forgotten to bring it with him, and would send it by mail upon receipt of the $1 paid by the plaintiff, was a sufficient actual delivery within the meaning of the cases cited.