## MARY A. PERRY *vs.* PROVIDENT LIFE INSURANCE & INVESTMENT COMPANY.

A policy of insurance " for the period of twelve months" from noon of the day of its date to noon of the day of its expiration, was made " against loss of life " of the assured, in a sum payable to his widow on proof " that the assured at any time after the date hereof and before the expiration of this policy shall have sustained personal injury caused by any accident," "and such injuries shall occasion death within ninety days from the happening thereof." By an accident which happened at nine o'clock in the forenoon, the assured sustained personal injuries which occasioned his death about the same hour on the ninety-first day thereafter, excluding the day of date of the accident from the computation; the whole period being included within the twelve months. *Held*, that by no method of computation of time could the death be regarded as occurring within ninety days from the happening of the accident. *Held, also*, that the clause limiting the liability of the insurers to the occurrence of death from the injuries within ninety days from the happening of the accident was not inconsistent with the provision by which the insurance was expressed to be " for the period of twelve months; " nor could be construed to refer only to such injuries as should occasion death within ninety days after the twelve months.

CONTRACT on a policy of insurance upon the life of Calvin Perry, the plaintiff's husband. In the superior court, on agreed facts the material part of which is stated in the opinion, judgment was ordered for the defendants; and the plaintiff appealed.

*A. S. Hartwell,* for the plaintiff.

*J. D. Ball,* for the defendants.

CHAPMAN, C. J. The policy was made on the 5th of October 1866, and contains the following clauses: " This policy of insurance is for the period of twelve months, commencing at 12 o'clock (noon) on the 5th day of October, 1866, and terminating at 12 o'clock (noon) on the 5th day of October 1867," " against loss of life, in the sum of two thousand dollars, to be paid to Mary Ann Perry and her legal representatives within ninety

days after sufficient proof that the assured, at any time after the date hereof and before the expiration of this policy, shall have sustained personal injury caused by any accident within the meaning of this policy and the conditions hereto annexed, and such injuries shall occasion death within ninety days from the happening thereof; sufficient proof being furnished to this company." It contains another clause insuring against personal injuries which shall not be fatal.

It is agreed that on the 11th of December 1866, at 9 o'clock in the forenoon, the insured met·with an accident within the meaning of the policy, in consequence of which he died on the 12th of March 1867, about 9 o'clock in the forenoon. No computation of time will bring the death " within ninety days from the happening" of the accident. But the rule of computation is stated in *Atkins* v. *Sleeper*, 7 Allen, 487. When time is computed from an act done, the general rule is, to include the day. When it is computed from the day of the act done, the day is excluded. The language of this instrument requires that the computation be made from the time of the act done, namely, the accident.

But it is contended that, as this is an insurance for twelve months, the provision by which it is attempted to exempt the company from liability for the death of the insured, happening from a cause within the meaning of the policy, during said term, is inconsistent with the general object and tenor of the policy, and is void. No such inconsistency is apparent to the court On the contrary, the policy clearly describes the cases in which the loss of life shall make the company responsible, and limits the liability to such cases.

It is further contended that, if the provision in the policy that the injuries shall occasion death within ninety days can have any legal force or effect, it must be construed to mean such injuries as shall occasion death within ninety days after the termination of the twelve months. But, as the ninety days are expressed to be from the happening of the accident, this construction cannot be adopted.

It is said that unless the clause be void, or be construed as

above stated, an effectual life insurance for more than ninety days was impossible. If this were so, it would be a result of the terms of the contract upon which the action is brought. But here is simply an insurance against certain accidents which may happen within a given time, and result fatally within a given time after they happen. The loss in this case came very near being within the terms of the policy, but was not quite within them. *Judgment for the defendants.*