BROWN v. UNITED STATES CASUALTY CO.

(Circuit Court, N. D. California. August 7, 1899.)

No. 12,629.

ACCIDENT INSURANCE—DEATH FROM ACCIDENT—LIMITATION OF LIABILITY.

In a policy of accident insurance providing for the payment of a weekly indemnity to the insured for loss of time resulting from bodily injuries sustained through external, violent, and accidental means, a further provision for the payment to a beneficiary named of a specified sum "if death shall result from such injuries alone, and within ninety days of the event causing said injuries," is unambiguous, and the limitation is valid, and there can be no recovery thereunder where death resulted more than 90 days after the injuries were received, though before the expiration of the term of the policy.

This was an action on two accident insurance policies to recover for the death of the insured.

Harold Wheeler, for plaintiff.

J. W. Dorsey, R. M. F. Soto, and Platt & Bayne, for defendant.

MORROW, Circuit Judge. This is an action on two policies of insurance issued to Arthur Page Brown, of this state, insuring him against bodily injuries or death resulting from accidental means. The plaintiff is the widow of the assured, and the beneficiary mentioned in the policies. The suit was brought in the superior court of the state of California in and for the city and county of San Francisco, but upon petition of the defendant, alleging its citizenship of the state of New York, the cause was removed to this court. The material facts are not disputed by the parties interested, and are substantially the following: In May, 1895, Arthur Page Brown insured his life against accident with the defendant company for the term of one year, receiving from it two so-called "accident policies" in the sum of $5,000 each. These policies were extended in the usual manner until July 30, 1896. They were identical in form and language, differing only in number and date, one being issued two days later than the other. All premiums which became due from the assured upon the two policies were duly paid, and from the issuance of the policies up to the time of his death Mr. Brown had no other policies from, or insurance in, the defendant company. On October 7, 1895, while the assured was driving a horse in a dogcart, near his home, the animal became unmanageable, ran away, and rushed into a deep ravine, drawing the cart with it. The assured was thrown into the ravine, a distance of some 15 feet, sustaining serious bodily injuries. As the result of this accident, the assured was immediately and wholly disabled, and remained so continuously thereafter until his death, which occurred on January 21, 1896, and is admitted by the defendant to have resulted solely from the said injuries.

Shortly after the death of the assured, the defendant company paid to his personal representatives the sum of $757.14, being a weekly indemnity of $50 per week under the two policies for 106 days, the time intervening between the accident to assured and his death. This was in fulfillment of the defendant's obligations under clause 1 of the policy, which provides:

"In the sum of $25.00 per week against loss of time, not exceeding 52 consecutive weeks, resulting from bodily injuries effected through means as aforesaid, other than such as shall result in the loss of one or both hands, feet or eyes, which shall, independently of all other causes, immediately, wholly, and continuously disable him from transacting any and every kind of business pertaining to his occupation above stated."

The present action is brought by the plaintiff to recover $10,000 from the defendant as a death indemnity claimed by her as due under the policies, and interest thereon from the date of the death of the assured. The defendant admits that the assured died from the injuries received in the accident referred to; that the accident did not come within any of the classes or risks excepted from the operation of the policies as set forth therein, and that all notices and proofs were duly given and made to the defendant as required by the terms of the policies; but contends that under clause 6 of the policies it is not liable for payment of the death indemnity in the present case, as the death of the assured occurred more than 90 days subsequent to the accident which caused it, to wit, 106 days. Clause 6 reads as follows:

"Or if death shall result from such injuries alone, and within ninety days of the event causing said injuries, the company will pay $5,000 to Lucy P. Brown (his wife), if surviving, or, in the event of her prior death, to the legal representatives of the insured."

It is plain that the only question of law at issue is whether or not the defendant is liable, under its policy, in case death resulting from accident occurs later than 90 days from the date of the accident. It is a well-settled rule that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and, if they are clear and unambiguous, their terms are to be taken in their plain, ordinary, and popular sense. Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 452, 463, 14 Sup. Ct. 379; St. John v. Insurance Co., 13 N. Y. 31. Considering the policy in controversy in the light of this rule, the question arises, does the policy state the meaning of the parties in clear and unambiguous terms? It says:

"In consideration of the premium paid, and of the warranties and agreements contained in his application for insurance, which is made a part of this contract, does hereby insure, subject to all conditions indorsed hereon, Arthur Page Brown, of Burlingame, Cal., * * * against bodily injuries sustained through external, violent, and accidental means, as follows: * * * Or if death shall result from such injuries alone, and within ninety days of the event causing said injuries, the company will pay $5,000 to Lucy P. Brown (his wife)."

Can words more apt, terse, or expressive be found to state the purpose of the policy? Where the terms of a contract are so clear, attempts to elucidate their meaning are vain. A policy of insurance

is a voluntary contract, and the insurers have the right to impose conditions therein. If the assured objects to any condition, he is under no obligations to make the contract; but, if he voluntarily enters into it, he will be bound thereby. Cray v. Insurance Co., 1 Blatchf. 280, Fed. Cas. No. 3,375. There is no evidence in the case at bar that any objection was made by the assured to any of the conditions of the policy, or that any waiver of any of its terms was made by the company. The assured knew the character and extent of the obligations of the company when he accepted the policy. As was said in Allen v. Insurance Co., 123 N. Y. 6, 13, 25 N. E. 310:

"Parties may insert any provisions they choose in contracts, provided they violate none of the rules of law; and they should all be given their appropriate and intended effect. The warranty inserted here was that the policy should be void if the assured should thereafter obtain other insurance on the property in excess of a certain stated sum. The assent of the plaintiff to this provision is conclusively presumed from his acceptance of the policy. In this respect he voluntarily fettered himself and submitted to the defendant's conditional acceptance of the risks proposed."—citing Chase v. Insurance Co., 20 N. Y. 52; Jennings v. Insurance Co., 2 Denio, 75; Pindar v. Insurance Co., 47 N. Y. 114; Rohrbach v. Insurance Co., 62 N. Y. 47.

The clause limiting liabilities of insurance companies to indemnity when death occurs from accidental means within 90 days from date of accident appears to be incorporated in the standard policies of accident and casualty insurance companies, but there are few cases upon record showing any contest of this provision. It is to be presumed that insurance companies, in formulating policies, adopt the terms best suited to the purposes of all parties; that in fixing the premium charge it is necessary to limit the liability to a stated period; that from experience and the statistics on the subject 90 days has been decided to be a fair length of time for the final result of an accident; and, this being so, its incorporation into the contract serves to protect the interests of both insurer and insured. Such a limitation is not in violation of law, and, though a just law may work injury in individual cases, it must be regarded in the same manner as the fundamental principles of government, seeking the greatest good to the greatest number.

In New York and Massachusetts the particular provision in controversy here was decided to be valid. Palmer v. Association (Sup.) 6 N. Y. Supp. 870, was an action to recover a death loss upon a certificate of membership in a mutual benefit association especially insuring against injuries or death by accidental means. One of the provisions of the certificate was that death must happen within 90 days after the accident, or the insurance would not be collectible. The death of the assured was caused wholly by injuries accidentally received, but did not occur within the 90 days prescribed. It was urged by the beneficiary that the 90-day provision was in conflict with the provisions of the constitution of the association upon the subject, and was, therefore, not binding. The court held that the plaintiff could not accept one part of the contract and reject another, and that the question for the plaintiff was not, what was the power of the defendant, but what was the contract in fact. In the case of Perry v. Investment Co., 99 Mass. 162, a policy of insurance for the

period of 12 months from noon of the day of its date to noon of the day of its expiration was made against loss of life of the assured in a sum payable to his widow on proof that the assured at any time after the date of the policy, and before its expiration, should sustain personal injury caused by any accident, and that such injuries should occasion death within 90 days from the happening thereof. By an accident which happened at 9 o'clock in the forenoon the assured sustained personal injuries which occasioned his death about the same hour on the ninety-first day thereafter, excluding the day of date of the accident from the computation, the whole period being included within the 12 months. It was held that by no method of computation of time could the death be regarded as occurring within 90 days from the happening of the accident, and therefore plaintiff could not recover; also, that the clause limiting the liability of the insurers to the occurrence of death from the injuries within 90 days from the happening of the accident was not inconsistent with the provision by which the insurance was expressed to be "for the period of 12 months"; nor could it be construed to refer only to such injuries as should occasion death within 90 days after the 12 months.

Article 1176 of the Code Napoleon provides that:

"When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken when the time has expired without the event having taken place."

There is nothing in the principles of the common law, or in the policy of the statute law of this country, calling for the application of a different rule for the interpretation of such a contract when its terms are reasonable, clear, and unambiguous. Toullier, in commenting upon this article of the Code Napoleon, says:

"If doubts may arise as to the manner in which a condition should be accomplished, there can be none as to the time at which it ought to be so when it is fixed by the contract. This does not require that the intention of the parties should be ascertained; the law of the contract must govern. The Code has not left to judges the power to evade its effect by interpretations which might become arbitrary. The delay is fatal, and that general disposition is applicable to all kinds of conditions, protestative, casual, or mixed." Yeatman v. Broadwell, 1 La. Ann. 424.

It follows that the plaintiff cannot recover upon the contract in suit, and a judgment must be entered in favor of the defendant.