## BREACH OF CONTRACT CHARGED AGAINST A MUNICIPALITY.

Court of Appeals for Delaware County.

CITY OF DELAWARE v. THE METROPOLITAN CONSTRUCTION CO.

Decided, 1914.

*Municipal Corporations—Contractor Delayed in His Work on a Street Improvement—Jury Finds that the City Was Responsible for Obstructions to the Work.*

1. Whether or not a contractor was hindered, to his damage, in the completion of a street improvement by the action of the city engineer in suspending the work at times and by obstruction of the street by the building of a bridge and failure to cause railway tracks to be removed, are questions for the jury under the evidence, and a finding by the jury in favor of the contractor upon such an issue will not be disturbed by a reviewing court where not manifestly against the weight of the evidence.

2. It is not error for a trial judge in giving proper instructions upon material issues with the application of the law thereto, to refer to the evidence *pro* and *con* and the claims of the contending parties with reference to the issues joined, if such reference is not made in an argumentative way.

*Arthur J. White,* City Solicitor, and *Berne Jones,* for plaintiff in error.

*Marriott & Freshwater* and *Overturf & Hough,* contra.

SHIELDS, J.; VOORHEES, J., and POWELL, J., concur.

This was an action for damages growing out of an alleged breach of a contract entered into on the 10th day of August, 1905, between one J. F. Gantz and the city of Delaware, Ohio, the plaintiff in error, for the improvement of certain streets in said city. Afterwards the said Gantz, for a valuable consideration, assigned and transferred said contract, and all his interest in and rights thereunder, to the Metropolitan Construction Company, defendant in error.

In the court below several causes of action were originally set out in the plaintiff's amended petition, all of which it appears have been determined and adjudicated except what is

designated as the plaintiff's amended second cause of action, which forms the subject of controversy here and which is now before this court.

It appears from said amended petition that said contract was for the improvement of Sandusky street from University avenue to the north line of the Free Public Library lot and Winter street from Sandusky street to the west line of Franklin street in said city, by grading, under-draining, curbing and paving the same, for which the said contractor was to receive from said city certain prices named in said contract for the labor and material for the improvement of said streets as set forth in said amended petition.

It is averred in said amended second cause of action that the contract mentioned in the first cause of action, in addition to the provisions therein recited, which are referred to and adopted, provided that the work should be commenced at such point as the civil engineer of said city might designate, and that not more than two adjoining squares in length should be torn up at one time; that said engineer might from time to time suspend the work at certain places if in his opinion the public needs required it, but that said engineer should not have the right to stop the work altogether for more than one week at a time, except when in the opinion of said engineer the weather was not suitable for doing the work he might cause the work to be suspended. That the said Gantz fully performed said contract on his part and completed said improvement about November 27, 1906, when the defendant, the city of Delaware, accepted said improvement; that during the performance of said contract said Gantz worked under the supervision and direction of the said defendant and complied with its various orders and requirements. It is further averred in said second amended second cause of action that for the purpose of enabling the said Gantz to carry out said contract he ordered and purchased large amounts of material and hired a large number of skilled and other workmen, and transferred and shipped a large number of tools and suitable equipment for street paving work to said city and expended large sums of money in anticipation of the performance of said contract, and that he could easily with such provision made have executed and completed said improvements by December 1, 1905, under the terms of said contract, except for the negligent acts, unreasonable and wrongful orders and failures of the said defendant, in this, that the said defendant unreasonably, wrongfully and negligently hindered and de-

layed said contractor in the performance of his said contract by wrongfully permitting parties to occupy and use said streets to the hinderance and delay of said contractor in the performance of his said contract; that said city through its engineer ordered suspension of work many times, in both 1905 and 1906, for longer periods than one week at a time for causes other than weather conditions, as provided in said contract; that said city failed to grant said contractor possession of said streets to be improved, two squares at a time or even one square at a time, as provided in said contract; that said city through its engineer many times during the working season of 1905 ordered the said contractor to begin work at a certain point on said streets, and by the time the material, tools and workmen were moved to that point said city through its engineer arbitrarily, wrongfully and without just cause ordered either a suspension of the work at that point or a renewal of the work at another point; that by reason of such arbitrary, unreasonable, wrongful, negligent, continuous and repeated hinderances and repeated delays during the season of 1905, the said contractor was prevented from completing and was unable to complete said improvement and said contract during said season of 1905; that by reason of such wrongful acts of the said city said contractor was at divers times during said season of 1905 compelled to discharge his workmen and teams, and when ordered to proceed with said work he was put to great expense in securing other workmen and teams, for office rent and salaries, for loss of time and railroad expenses of himself and foreign workmen; that during the year 1905 he was put to further extra expense in obtaining labor, teams and material, the prices of which had advanced, and that by reason thereof the labor and material cost $12,913.33 more than it would have cost if said contractor had been permitted to have had possession of said streets and had been permitted to perform said contract during the year 1905; that by reason thereof said contractor was compelled to pay additional amounts for salaries, to-wit: for bookkeeper, the sum of $1,000; for two foreman, the sum of $2,000; for traveling expenses and loss of time of said contractor the sum of $3,000; for interest on the amount invested in said contract, the sum of $600; for office rent, fuel and light, the sum of $250, in all the sum of $6,850 and an additional sum to replace the paving brick that had been broken, the sum of $147.50, all to the amount of $19,910.83, to said contractor's and now plaintiff's damages in said sum of $19,910.83, with interest thereon from January 1, 1907.

It is further averred that from the time said contract was entered into and while said contractor was engaged in the per-

formance of said work, said Sandusky street was occupied by a street railroad company, operating an electric street railroad thereon, with double tracks on a part thereof, under a franchise by the council of said city; by the terms and conditions of which said city reserved the right at any and all times to improve said streets by paving and repaving, and that whenever said city deemed it proper to so improve said streets, said railroad company by the express terms and conditions of said franchise was required to pave between its tracks and for one foot on each side thereof, and if deemed proper by the city to take up and remove from said streets its tracks and rails so as to allow said streets to be so improved, and give to the city free and unobstructed use of the streets during said improvement; that when the contractor entered into the contract herein sued upon for the improvement of said streets, and when said defendant city entered into said contract, it was with the knowledge of the terms and conditions of said franchise, and with the understanding and agreement that said city would require compliance with the conditions of said franchise on the part of the said railroad company in the removing of its tracks while said improvement was being carried on; and but for said knowledge, understanding and agreement said contract would not have been entered into by said contractor; that it was the duty of the defendant city in order to enable the contractor and said construction company to perform said contract of paving, to require said railroad company to comply with the provisions of said franchise and to take up and remove its tracks entirely from the streets and to so move and shift its tracks as to enable said contractor to occupy and have possession of said streets for the purpose of carrying out its contract without hinderance or obstruction; that said defendant city wrongfully and negligently refused to perform its duty in that respect, and negligently refused to require said railroad company to give plaintiff possession of the streets, and by reason of said neglect and refusal said contractor was prevented from having possession of said streets and was hindered and delayed in the work of grading and paving said streets under said contract, and was not given possession of the whole of said streets or a part of two blocks thereof at any one time, or of one block, and thereby and by reason whereof said contractor was greatly hindered and unreasonably and wrongfully obstructed as hereinbefore shown in the performance of his said contract, and thereby suffered the expense and loss hereinbefore complained of.

It is further averred in said amended second cause of action that after entering into the contract for the improvement of said

streets, the said city wrongfully entered into a subsequent contract with one Hazleton to enter upon Sandusky street, where the Delaware run crosses the same, and tear out the bridge and walls of the bridge and to build a large arch over said Delaware run while said contractor was in the performance of his said contract, said city through the said Hazleton had the possession of said Sandusky street at that point and prevented the said contractor from having the use of said street for the purpose of fulfilling his contract, and delayed him for the space of more than thirty days in the performance of his work, to his great damage as hereinbefore complained of.

That by reason of the facts stated herein the said Metropolitan Construction Company says there is due it from the said city of Delaware the sum of $19,910.83, with interest from the 1st day of January, 1907.

To the foregoing amended second cause of action, the city of Delaware by its answer admitted said contract and that the said J. F. Gantz performed said contract on his part to be performed and that said improvements were completed on or about November 27, 1906, and were accepted by said city, but said city denied the other allegations of said amended second cause of action not specifically admitted in said answer to be true.

Upon the issues made up by the foregoing pleadings, said cause was submitted to a jury resulting in a verdict for the plaintiff. A motion for new trial was overruled and judgment was entered upon the said verdict. A bill of exceptions was taken containing the evidence introduced upon the trial, including the charge of the trial court to the jury, and said cause by a petition in error filed by the plaintiff in error is before this court for review.

Numerous grounds of error are alleged for the reversal of the judgment of the court below, but four of which only were urged upon the attention of this court:

First, that the court below erred in overruling the objection of plaintiff in error to the admission of any testimony on the part of the defendant in error on the ground that the allegations of the amended second cause of action were insufficient in law, and did not constitute a cause of action against the plaintiff in error.

Second, that the court erred in overruling the motion of the plaintiff in error made at the close of defendant in error's testimony to arrest the testimony from the jury and render judgment for the plaintiff in error.

Third, that the verdict of the jury is not sustained by the weight of the evidence and the law.

Fourth, that the court erred in its charge to the jury. It appears that the sufficiency of the allegations of this amended second cause of action, in this action, or a cause of action containing in substance the same allegations as in the cause of action before us, was passed upon by the circuit court of this county at a former term thereof; that proceedings in error were prosecuted to the Supreme Court to reverse the said judgment of the said circuit court; that said judgment was by the Supreme Court affirmed, and the cause remanded for further proceedings. In view of this, the duty of this court is plain, and we therefore hold that the first ground of error alleged is not well taken.

For a like reason the second ground of error alleged is also held not to be well taken.

The ground of recovery as claimed by said contractor was based upon the allegations in said amended second cause of action of the defendant in error that said contractor was unnecessarily and wrongfully obstructed, delayed and hindered in the prosecution of carrying out said contract within a reasonable time by the action of the plaintiff in error, and that as a result thereof said contractor suffered loss and damage as claimed in said cause of action. It need scarcely be remarked that the rights of the parties hereto are to be governed by the provisions of said contract, of which the specifications attached thereto form a part. As is usual in such cases, the specifications point out the manner in which the work of the improvement shall be done, the kind of material to be furnished and the prices to be paid therefor, and in this instance no time limit was named for the completion of said improvement. One of the streets to be improved was represented to be one of the main thoroughfares of said city and it was undoubtedly the intent and purpose of the contracting parties that the work thereon should be done in a reasonable time after the work was commenced to avoid in-

convenience to the traveling public and other resulting disadvantages to the inhabitants of said city. It is sufficient to say that in the absence of a time limit being fixed for the performance of the contract the implication is that a reasonable time for performance is intended. Vol. 2, Page on Contracts, Section 1154, and authorities cited.

Here the evidence shows that the improvement on Winter street was completed in some eighteen days after said contract was signed, possibly about September 1, 1905, and that the improvement on Sandusky street which covered about three times the distance as that covered on Winter street was not completed until November 27, 1906. Of course the physical conditions may have been different on the two streets, which would not permit of like progress being made on both of said streets; the weather conditions, too, are not to be overlooked, but taking the conditions as the contractor found them on commencing said work, it is contended that said city wrongfully permitted parties to occupy said Sandusky street, and refused and failed to give the contractor possession of said street, or parts thereof, as provided by said contract, so that instead of completing said improvement on said Sandusky street during the year 1905, as he could and would have done but for such action on the part of said city, he was obliged to return to said city and finish said work the following year, to his damage as alleged in said amended second cause of action. All liability on this ground was denied by said city, hence the burden was upon the contractor to make proof of his claim in the respects mentioned, and if so made, was said city liable? As already stated, no time limit having been fixed in said contract for the completion of said work, said city would have reason to expect that said improvement would be completed within a reasonable time, and in the absence of intervening causes over which the contractor had no control, the contractor would be liable for a breach of such contract, and, on the other hand a corresponding obligation would rest upon said city not to unreasonably delay the contractor in the prosecution of his said work, for one party to a contract may make it impossible to perform the contract, or

may delay the performance, or, if a contractor has himself suffered damage by reason of such delay he may recover damages. *Page on Contracts*, Sections 1444-1445, *et seq.; Langford* v. *U. S.*, 95 Fed. Rep., 935; *Kelly* v. *U. S.*, 31 C. C., 361; *City of Toledo* v. *Libbie*, 19 C. C., 704.

An examination of the bill of exceptions with reference to this assignment of error, without going into the details of the evidence, tends to show that the contractor in carrying on the work of this improvement was more or less embarrassed and hindered by delays occasioned by various causes, among which was the action of the street railroad company operating an electric railroad on said Sandusky street, and the action of said city in causing to be construed a bridge over what is known as Delaware run, over both of which said city had control. Under the law said city had the supervision and control of its streets, and it also had the power under the terms and conditions of the franchise granted by it to said railroad company to compel said railroad company to remove its tracks to permit of said improvement being made on said Sandusky street, and refusing, it had the right to seek the aid of the courts to compel observance of its rights by injunction. Other causes of delay existed as shown in said bill of exceptions, all of which were questions of fact for the determination of the jury.

Under the question of notice to said city that the work of the contractor was being interfered with and delayed by obstructions put in his way by the action of said city and that such delays were to his disadvantage and to his damage, we think the evidence shows that said city was repeatedly given such notice by the contractor. We further think that the principle laid down in the case of *Castwater* v. *Scioto Pool Co.*. 12 C.C.(N.S.), 382, is not applicable to the case at bar.

Under a full and careful examination of the evidence offered and introduced upon the trial in respect to the suspension of this work by the engineer of said city in respect to said city failing to grant said contractor possession of said Sandusky street for the carrying on of said improvement on said street as contemplated by the terms and provisions of said contract, bearing

in mind that the jury are the judges of the weight of the evidence, and that reviewing courts should be slow to disturb their finding unless for good and sufficient reasons, we are unable to say that the evidence in this case is manifestly against the weight of the evidence or contrary to law.

It is also urged that the court below in its charge to the jury was not impartial or fair, so much so, that said charge was prejudicial to the rights of plaintiff in error in this, that said court unduly emphasized the proposition of unreasonable delay on the part of said city as claimed by said contractor and laid undue stress and emphasis upon the necessity of said city performing those things reserved to it under said contract to be performed, especially to the related action of the city to said street railroad company in reference to the furnishing and putting down rails for the street railroad on said street, and the alleged delay occasioned thereby. We have examined said charge with reference to this objection and we fail to find anything that indicates partiality, bias or prejudice in defining or describing unreasonable delay therein when said court referred to the effect of the alleged refusal and neglect of the street car company to furnish such rails as said city ordered to be furnished. Having power to compel said street railroad company under the terms and conditions of said city ordinance granting said franchise to remove its rails for the paving and repaving of said street if its failure to do so resulted in causing unreasonable delay to the contractor in carrying on his work on said street whereby he was damaged, such unreasonable delay would be chargeable to said city. It is urged by plaintiff in error that because of the foregoing and other like instructions in the court's charge to the jury said trial court erred, to the prejudice of the plaintiff in error. We certainly approve the citation by counsel for plaintiff in error of *Washington Mut. Ins. Co.* v. *Merchants & Manfrs. Mut. Ins. Co.,* 5 O. S., 450-482:

"A court, in charging a jury, may very properly call the attention of the jury to the evidence, in order to show the application of the law governing the case, or the legal purpose and effect of the testimony, but the statement of the evidence by the

court argumentatively so as to give the·jury the manifest conclusion of the court as to the fact submitted to their determination, is uniformly condemned as improper.''

And further, that the trial court shouuld not first argumentatively state to the jury the circumstances shown in the proof of a case and after intimating to the jury the views of the court upon such proof, then state to the jury ''but you are the sole judges of the facts,'' etc.

We also fully subscribe to the doctrine quoted from *Weiss* v. *Bethlehem Iron Co.,* 88 Fed. Rep., 23, wherein the court held that:

''It is error for the court to submit the evidence and theory of one party prominently and fully to the jury and not call their attention to the main points of the opposite parties of the case.''

Both of the foregoing propositions are good sense and sound law. They contain the elements of fairness and nothing short of this is justice to litigants. Courts are created to administer the law—to all alike—and nothing short of this will satisfy the aim of the law. Hence it is that courts in their charge to the jury should not arrogate to themselves the province of the jury by assuming to determine the facts in the case, or to state the law applicable to the facts on one side in a case, only, but should state the law fairly and fully as applied to all the material facts in a case. Here it is claimed by the plaintiff in error that the major part of the charge of the court below was devoted to the theory upon which the defendant in error might recover, and that undue prominence was given by said court to the jury of the alleged unreasonable delays claimed to have been suffered by the defendant in error on account of the action or non-action of the plaintiff in error. An examination of said charge shows that said court called the attention of the jury to the claims of both the plaintiff in error and the defendant in error and instructed the jury in reference to each and every material issue thereof, not argumentatively, but simply called the attention of the jury to so much of the evidence as seemed neces-

sary to show the application of the law in the case. Of course the charge is to be considered as a whole, and not any particular portion of it as if standing alone. No special requests in writing were submitted to be charged, nor were any requests made orally to be charged, only a general exception being taken to the charge at the conclusion thereof. As was said by the court in the case of *City of Toledo* v. *Radbone,* 3 C.C.(N.S.), 382:

"It is not competent for one who has filed a general exception to the charge of the court to afterwards select a single sentence or paragraph for complaint where the court was not asked to charge specifically upon that point. He must take the whole charge together.'

And upon the subject of showing the trend of judicial thought in cases where prejudicial error has not intervened in the charge of a trial court, we refer to the holding of the court in the case of *Baird* v. *Burton Telephone Co.,* 10 C.C.(N.S.), 163, wherein said court while finding there was error in the charge of the court below found that such error was not prejudicial and further held:

"Where the whole evidence adduced upon the trial is made part of the record by a bill of exceptions, the court in determining whether the judgment should be reversed will examine the evidence as well as the charge with a view to determine whether under all the circumstances substantial justice has been done, and if it has the judgment will not be reversed for error in the charge."

Again in *Kauther* v. *Vigransky et al,* 12 C.C.(N.S.), 48, it is held:

"Errors of law, if any occurred during the trial of the case are not prejudicial where the verdict is fully sustained by the evidence."

Upon the whole case, we are of the opinion that said case was fairly tried; that the charge of the court below fairly stated the law applicable to the issues raised upon the pleadings and the evidence in the case, and although there may have been techni-

cal errors in said charge we are of the opinion that they were not prejudicially erroneous to the rights of the plaintiff in error and do not justify a reversal of the judgment of the court below.

We have also examined said bill of exceptions with reference to the other assignments of error contained in said petition in error and we find no such error therein as to justify a reversal of the judgment of the court below.

The judgment of the court of common pleas will therefore be affirmed, with costs. Exceptions may be noted.