L. F. ORENSTEIN v. PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK.[1]

July 13, 1917.

Nos. 20,427—(222).

**Accident insurance — construction of policy.**

The accident insurance policy, issued by defendant, insured plaintiff against disability or death resulting from bodily injury effected through external, violent and accidental means and provided that if the loss of either foot should "result solely from such injury within 90 days from the date of accident" the defendant would pay him a sum certain. Plaintiff suffered an accident to a toe on his left foot, within the meaning of the policy, on May 22, 1915. About three months later infection set in, and it became necessary to amputate the foot September 25, 1915. The loss did not take place within the time specified in the policy, and is not covered thereby.

Action in the district court for Ramsey county to recover $1,875 upon defendant's insurance policy. The case was tried before Olin B. Lewis,

[1]Reported in 163 N. W. 747.

J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for judgment upon the findings or for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*Barrows, Stewart & Ordway,* for respondent.

HOLT, J.

While plaintiff held an accident insurance policy, issued by defendant, he met with an accident resulting in the loss of a foot. In this action to recover the amount stipulated in the policy, the court found that he was not entitled thereto. He appeals from the order denying a new trial.

The policy, made a part of the findings, provides that defendant "does hereby insure, subject to all the provisions and conditions herein contained or indorsed hereon, the person (herein called the insured) named and described in the aforementioned schedule * * * against disability or death resulting directly, independently and exclusively of any and all other causes from bodily injury effected solely through external, violent and accidental means. * * * Part 1. If any one of the following losses shall result solely from such injury within 90 days from the date of accident, the company will pay in lieu of other indemnity—for loss of either foot by severance at or above the ankle" $1,875. The court found that on or about May 22, 1915, plaintiff "received a bodily injury effected through external, violent and accidental means by which one of his toes on his left foot was cut and injured. That said wound did not heal, and on or about August 17th, 1915, said toe and foot became and was infected because of said cut and injury. That said infection progressed and continued until the 25th day of September, 1915. That by reason thereof plaintiff was obliged to submit to an amputation of his said left foot above the ankle; that said amputation and loss of said foot was due solely and entirely to the aforesaid injury received by plaintiff to said toe on the left foot." It was further found that plaintiff failed to give written notice of the accident and injury as required by the policy and that on or about November 8, 1915, defendant denied all liability.

The bodily injury effected through external, violent and accidental means which plaintiff met, and upon which the right of recovery must be predicated, occurred on the twenty-second or twenty-fifth day of May,

1915, when the chisel of a chiropodist who was treating an ingrowing toe nail slipped and made a small cut or slit in the toe. The infection which happened to set in later is not a risk covered by the policy nor is the amputation unless the same can be traced to and based upon the accident in May. From the provision already quoted it is plain that the loss of the foot must have occurred within 90 days after the accidental injury of May 25, 1915, in order to give rise to indemnity under the policy. The language is so definite and clear in this respect that there is no room for construction. The finding is also clear that the accident was the slipping of the chisel in May, and not the infection in August. The loss of the foot, or the amputation thereof, took place September 25, 1915, more than 120 days after the accident. The loss is therefore not covered by this policy. 1 C. J. 469, § 179; Palmer v. Commercial Travelers Mut. Acc. Assn. of A. 53 Hun, 601, 6 N. Y. Supp. 870, affirmed in 127 N. Y. 678, 28 N. E. 256; Hagadorn v. Masonic E. Acc. Assn. 59 App. Div. 321, 69 N. Y. Supp. 831; Brown v. U. S. Cas. Co. (C. C.) 95 Fed. 935; and Perry v. Provident L. Ins. & Inv. Co. 99 Mass. 162.

Having reached the conclusion that the loss plaintiff sustained in the amputation of his foot was not covered by the policy, because it took place more than 90 days after the accident, we need not consider the questions raised concerning notice to defendant of the accident and loss or the waiver thereof, for, in any event, the order for judgment must remain as it now is.

The order is affirmed.