ANNIE BROWN *vs.* BOSTON CASUALTY COMPANY.

Suffolk.   November 13, 1935. — September 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance,* Accident.

No recovery could be had in an action upon a policy providing insurance against death occurring within ninety days after an accident without evidence of the date of the accident.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 29, 1935.

Upon removal to the Superior Court, the action was tried before *Dowd,* J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*W. J. Barry,* (*J. S. R. Bourne* with him,) for the plaintiff.

*W. J. Bannan,* (*R. W. McEnaney* with him,) for the defendant.

DONAHUE, J.   The plaintiff, who is the beneficiary named in a policy of insurance issued by the defendant to Cecil Addison, has brought suit to recover the indemnity therein provided in the event of the death of the insured.   By the terms of the policy the defendant insured Addison "against bodily injuries, caused solely and directly by accidental means . . . as follows: . . . If within ninety days of an accident, the insured suffers any one of the losses named below as the direct result of his injuries, the Company will pay for: Death . . . The Principal Sum" of $600, and specified sums for the loss of various members of the body. It also provided a weekly indemnity for disability from performing work.

At the trial before a jury in the Superior Court the plaintiff introduced in evidence the policy and a certificate of death of the insured showing among other things that he died on December 29, 1934.   She also introduced evidence that the policy was properly issued by the defendant, that it was in force at the time of the death of the insured and

that there had been compliance with all the requirements of the policy as to filing proofs of loss. The defendant offered no evidence.

The trial judge directed a verdict for the defendant subject to the plaintiff's exception. The bill of exceptions contains the stipulation that if the judge was right in directing a verdict for the defendant, judgment should be entered on the verdict and that if the judge was wrong, judgment should be entered for the plaintiff in the sum of $600 with interest from the date of the writ.

The defendant did not in its policy contract to pay the specified sum of $600 merely on the happening of the death of the insured as the result of injuries accidentally received. In language which is not ambiguous the policy provides that a liability to make such payment would arise only if the insured died "within ninety days of an accident." The burden was on the plaintiff to show that death within the terms of the policy occurred. *Silva* v. *Fidelity & Casualty Co. of New York*, 252 Mass. 328. The plaintiff introduced no evidence as to the time when the insured received the injuries which resulted in his death on December 29, 1934. There is nothing in the evidence which makes it possible to draw the inference that the death occurred within ninety days of the accident which caused the injuries. There is lacking an element which under the express language of the policy is essential to recovery by the plaintiff. *Perry* v. *Provident Life Ins. & Investment Co.* 99 Mass. 162. *Perry* v. *Provident Life Ins. & Investment Co.* 103 Mass. 242. *Brown* v. *United States Casualty Co.* 95 Fed. 935. *Buford* v. *North American Accident Ins. Co.* 3 Fed. (2d) 263. *Barnett* v. *Travelers' Ins. Co.* 32 Fed. (2d) 479. *Drinan* v. *Clover Leaf Casualty Co.* 207 Mich. 677. *Orenstein* v. *Preferred Accident Ins. Co.* 138 Minn. 10.

Since a verdict was rightly directed for the defendant it is unnecessary to consider other grounds of defence argued by the defendant. In accordance with the stipulation judgment is to be entered for the defendant on the verdict.

*So ordered.*