## Mullins v. National Casualty Co.

(Decided May 24, 1938.)

WILLIAM ALPHA HUBBARD for appellant.

WALTER E. HUFFAKER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

This is a suit on an insurance policy issued by the appellee, through the Louisville Herald-Post, to Will Mullins, on March 22, 1935, in consideration of the payment of a $3.00 premium. The policy insured Mullins against death or disability resulting directly or independently of all other causes from bodily injuries sustained through external, violent and accidental means, subject to the limitations and conditions of the contract. It was agreed that if the insured, while walking or standing on a public highway, should be struck by a vehicle propelled by electricity and suffer the loss of his life within thirty days from the date of the accident the company would pay $500.00 to his estate. It was also provided among the several general conditions that no indemnity would be paid for death that did not occur within thirty days from the date of the accident.

About 11:30 o'clock in the morning of June 12, 1935, the insured was struck by a street car. He died about five o'clock in the morning of July 13, 1935. He suffered several severe fractures of the skull and developed traumatic pneumonia. It appears that he was continually unconscious almost from the time of the accident. Herculean efforts were made to save the unfortunate man's life, and nearly $1,000.00 was expended for hospital and surgical services. His doctor testified that the man never had a chance to recover and the efforts made merely prolonged his life. For twenty-four hours before he died he was practically pulseless.

But death did not occur until about five hours after the expiration of the 30 days from the date of the accident.

Insured's administrator sued to recover $500.00 for the death indemnity and $20.00 additional under a clause binding the company to pay that sum each month for total disability. The case was submitted to the court on the law and facts and judgment was rendered for the defendant. The plaintiff appeals.

It is the appellant's contention that the 30-day provision in this policy is unreasonable, oppressive and vicious. It is argued that the insurance was against the injury causing death and that the time of its occurrence was not the essence of the policy contract; that the insured would have died within the period but for the extraordinary efforts made to prolong or save his life, and the company ought not to profit thereby. It must be admitted that the case presents an appealing situation. The devoted efforts of the insured's family and doctors have operated to permit a bare escape by the company from payment of the indemnity to which his estate would otherwise be certainly entitled. But as was observed in McKinney v. General Accident Fire & Life Assurance Company, 8 Cir., 211 F. 951, the proportion of deaths that are caused by accidents independently of all other causes is small, and there is sound reason for limiting the liability to deaths occurring within a stipulated period because of the necessity for insurance companies to guard against recoveries for such a death where there may be a question whether it was due to an accident or another cause. So in the general run of cases such a provision as this cannot be said to be unconscionable or unreasonable, although ninety instead of thirty days is usually the prescribed period.

It is presumed that the insured knew the character and extent of the obligations of the company when he accepted the policy. The insurer imposed and the insured accepted this condition. It was a voluntary contract. It is clear and unambiguous so that it speaks for itself and the court may not speak for it as by way of interpretation. The insurance was against death itself and not the accident. It is restricted to the death having occurred in a certain manner within a certain period, determinable upon the date of the happening of the

accident. No liability was imposed where that result materialized after the time limit had expired.

So far as our knowledge goes, similar conditions have been uniformly recognized as valid. 1 C. J. 469; Palmer v. Commercial Travelers' Mut. Acc. Association, 53 Hun 601, 6 N. Y. S. 870; Brown v. U. S. Casualty Company, C. C., 95 F. 935. In Perry v. Provident Life Insurance & Investment Company, 99 Mass. 162, the obligation was to pay a certain sum to the insured's widow if he sustained injuries which occasioned his death within 90 days from the happening of the accident. The insured suffered personal injuries in an accident at 9 o'clock in the forenoon which caused his death about the same hour on the ninety-first day thereafter, excluding the day of the date of the accident from the computation. It was held that by no method of computation of time could the death be regarded as occurring within 90 days, and, therefore, that the plaintiff could not recover. In Clark v. Federal Life Insurance Company, 193 N. C. 166, 136 S. E. 291, there was involved a similar circumscribed policy which provided in substantially the same language as the one in the case at bar for the payment of a certain indemnity for the loss of a foot. It was stipulated that the company should not be liable for such loss by severance unless it occurred within 30 days after the accident. The insured was injured in an automobile accident on June 28, 1925. His foot was amputated as a result on August 17, 1925. The trial court had instructed the jury that this provision in the policy was unreasonable and against public policy, and, therefore, void. The Supreme Court of North Carolina remarked that the form of the policy had been approved by the State Insurance Commissioner, and though such approval is not conclusive upon the insured or the courts, it is entitled to great weight upon such a contention. Continuing, it was said (page 293):

> "We are unable to perceive upon what valid ground the limitation upon the insurer's liability can be held void. In view of the small premium received by the company for the policy and the limited protection which the insured evidently desired, the provision is not unreasonable."

It was accordingly held that there could be no recovery on account of the limitation. Other cases where

similar conditions were recognized as valid and enforceable are Alamo Health & Accident Insurance Company v. Cardwell, Tex. Civ. App., 67 S. W. (2d) 337; Herold v. Aetna Life Insurance Company, Tex. Civ. App., 77 S. W. (2d) 1060; Armstrong v. West Coast Life Insurance Company, 41 Utah 112, 124 P. 518; Thompson v. Iowa State Traveling Men's Association, 179 Iowa 603, 161 N. W. 655; Drinan v. Clover Leaf Casualty Company, 207 Mich. 677, 175 N. W. 176; Buford v. North American Accident Insurance Company, 5 Cir., 3 F. (2d) 263, 264; Barnett v. Travelers' Insurance Company, 8 Cir., 32 F. (2d) 479; Orestein v. Preferred Accident Insurance Company, 138 Minn. 10, 163 N. W. 747.

We do not regard as in point our own cases relied upon by the appellant in which we hold that the failure to furnish proof of a disability occurring within the period in which the insurance was operative will not prevent recovery because of the lapsing of the policy for non-payment of premium due after such disability occurred since the time for furnishing of such proof is not of the essence. See Metropolitan Life Insurance Company v. Carroll, Adm'r, 209 Ky. 522, 273 S. W. 54; Fidelity Mutual Life Insurance Company v. Gardner's Adm'r, 233 Ky. 88, 25 S. W. (2d) 69; Northwestern Mutual Life Insurance Company v. Carneal, 262 Ky. 665, 90 S. W. (2d) 1010.

It would seem unnecessary to cite authority for the proposition that where there is a clearly expressed condition precedent of liability, the court must give that condition force and effect. In Inter-Southern Life Insurance Company v. Foster, 248 Ky. 481, 58 S. W. (2d) 668, a policy quite similar to that now before us was involved. We had for our consideration then a provision relating to the manner in which the insured suffered an injury. Upon reasoning and authority, we repeated the often expressed view that with all of the liberality to be indulged in favor of the person insured, it must not be forgotten that the parties to an insurance contract have the right and the power to contract what accidents and risks shall be covered by it and what shall not be, and that the courts may not make a new or different contract for the parties at the instance of one of them. We, think, therefore, that the court properly ruled that there could be no recovery of the death indemnity.

As stated, the plaintiff sought recovery of $20.00, the monthly sum provided in the policy for total disability, for the 30 days following the accident. The defendant admitted this liability in its answer. It thereafter tendered plaintiff that amount and $12.10 accrued court costs. The tender was refused. This was manifestly the sum the defendant was willing to pay in satisfaction of the entire claim and to confess judgment for. But the judgment dismissed the petition in its entirety. We think that was error for the plaintiff was entitled to a judgment for this amount as claimed and as admitted. Martin v. Provident Life & Accident Insurance Company, 242 Ky. 667, 47 S. W. (2d) 524; Clark v. Federal Life Insurance Company, supra. The defendant should have followed the terms of section 890 of the Statutes and made another tender of the $20.00 and costs if it wanted to avoid additional liability. Not having done so, the plaintiff is entitled, under the provisions of sections 889 and 890 of the Statutes, and section 640, of the Civil Code of Practice, to recover his costs in the trial court and on the appeal, excepting only those which accrued between the date of the tender and the entry of the judgment. Harrodsburg Water Company v. City of Harrodsburg, 89 S. W. 729, 28 Ky. Law Rep. 625.

To the extent that the judgment denied a recovery of $500.00 on account of the death of the insured it is affirmed. To the extent that it denied the plaintiff recovery of the disability indemnity it is reversed.