357 So.2d 1185 (1978)
Rebecca Lynn P. FONTENOT, Individually and for and on behalf of her minor daughter, Lisa Brook Pitre, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY,[1] Defendant-Appellee.
No. 6354.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
Rehearing Denied May 9, 1978.
Writ Refused June 9, 1978.
*1186 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Michael S. Ingram, Monroe, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
The only issue for determination on appeal is whether a provision in a life insurance policy that death must occur within ninety (90) days from the date of injury in order for accidental death benefits to be payable thereunder is a valid and enforceable limitation on coverage. The trial court concluded that such contractual limitation of coverage is valid and dismissed plaintiff's suit. Plaintiff appeals and assigns as error the failure of the trial court to conclude otherwise.
The facts giving rise to the instant litigation appear in the record by stipulation and are not disputed.
On and prior to May 15, 1976, the defendant, Business Insurance Life of America (Business Insurance) insured the life of Chauncey L. Pitre, plaintiffs' decedent, under a group life insurance policy. The policy in question is in the face amount of $5000.00 and contains a double indemnity proviso for an additional $5000.00 if death of the insured results from accidental means as defined in the policy. The pertinent provision reads in part as follows:
"If an employee, while insured for benefits under this policy suffers any one of the losses specified in the following Schedule of Losses and Benefits as a direct result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means and within 90 days after the accident which caused such loss, Business Insurance Life of America will pay the benefit set forth in such schedule." (Emphasis ours)
The "Schedule of Losses and Benefits" referred to provides for payment of the principal sum of $5000.00 in case of loss of life.
On May 15, 1976, Chauncey L. Pitre sustained severe bodily injuries in an automobile accident. From the date of accident to the date of his death, which occurred on August 28, 1976, Mr. Pitre remained continuously hospitalized at Lafayette General Hospital. Mr. Pitre's death was caused by respiratory and cardiac arrest due to cerebral anoxia and spinal cord injury. Following his death demand for payment of benefits under the policy was made whereupon Business Insurance paid to plaintiff the face amount of the policy but refused to pay the additional benefit for accidental death because the insured's death did not occur within ninety (90) days after the accident.
*1187 It is well settled law that a policy of insurance is a contract between the Insured and the Insurer and has the effect of law on the parties. LSA-C.C. Article 1901; Smith v. North American Company For Life, Accident & Health Insurance Company, 295 So.2d 483 (La.App. 3rd Cir. 1974), writ granted, 299 So.2d 360, reversed on other grounds, 306 So.2d 751. It is equally well settled law that insurers are at liberty to limit their liability and impose conditions upon their obligations so long as such conditions and limitations do not conflict with statutory law or offend public policy. When such conditions and/or limitations are clear and unambiguous they must be given effect as written. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72 (1939); Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3rd Cir. 1972); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972) writ refused, 261 La. 824, 261 So.2d 230.
We discern no ambiguity in the quoted policy provision, its intent and meaning being crystal clear. It is conceded that plaintiffs' decedent died more than ninety (90) days after the accident. Therefore, it must necessarily follow that plaintiffs, as beneficiaries under the policy of insurance issued by Business Insurance, are not entitled to accidental (double indemnity) death benefits unless the limiting condition in question conflicts with statutory law or violates public policy.
The condition does not conflict with statutory law. Quite to the contrary, Louisiana's Insurance Code, specifically LSA-R.S. 22:170, recognizes a Life Insurer's right to restrict coverage under provisions which grant additional insurance against death by accident or accidental means and to assert defenses based upon such permitted restrictions or exclusions.
The only remaining inquiry concerns whether the limiting clause in question, particularly the ninety day limitation, is violative of public policy. Able counsel for appellant contends that such a proviso does violate public policy and relies for decisional support on two cases emanating from jurisdictions outside Louisiana, Burne v. Franklin Life Insurance Company, 451 Pa. 218, 301 A.2d 799, decided by the Supreme Court of Pennsylvania in March of 1973, and Karl v. New York Life Insurance Company, 139 N.J.Super. 318, 353 A.2d 564. Our research has disclosed no reported case in Louisiana wherein this precise question was presented. Decisions of other jurisdictions are persuasive and should be considered in disposing of issues res nova in Louisiana, however, they are never to be considered as controlling. Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir. 1974) writ refused, June 7, 1974.
In Burne, the majority concluded, in essence, that a 90 day time limit proviso violated public policy because such a proviso introduces into the difficult and delicate deliberations of the treating physicians and family of a mortally injured person a sinister economic factor suggesting non-treatment. The Karl majority, although conceding that Burne states the minority rule, simply adopted the public policy position of the Pennsylvania court.
Our extensive research in connection with this very interesting question, although perhaps not completely exhaustive, disclosed only Burne and Karl as holding such a proviso violative of public policy. On the other hand, our research discloses that the Federal Appellate and State Appellate courts in every other jurisdiction where this question was presented concluded that such a proviso does not offend public policy. As early as 1899 the U.S. Circuit Court for the Northern District of California, in Brown v. United States Casualty Co., 95 F. 935 upheld the validity of such a provision and in doing so stated:
"The clause limiting liabilities of insurance companies to indemnity when death occurs from accidental means within 90 days from date of accident appears to be incorporated in the standard policies of accident and casualty insurance companies, but there are few cases upon record showing any contest of this provision. It is to be presumed that insurance companies, *1188 in formulating policies, adopt the terms best suited to the purposes of all parties; that in fixing the premium charge it is necessary to limit the liability to a stated period; that from experience and the statistics on the subject 90 days has been decided to be a fair length of time for the final result of an accident; and, this being so, its incorporation into the contract serves to protect the interests of both insurer and insured. Such a limitation is not in violation of law, and, though a just law may work injury in individual cases, it must be regarded in the same manner as the fundamental principles of government, seeking the greatest good to the greatest number."
To the same effect are decisions emanating from the courts of Georgia, Randall v. State Mutual Insurance Company, 112 Ga.App. 268, 145 S.E.2d 41; Texas, Douglas v. Southwestern Life Insurance Company, Tex.Civ.App., 374 S.W.2d 788; Missouri, Hudson v. Mutual Ben. Health & Acc. Ass'n, Mo.App., 184 S.W.2d 188; Kentucky, Mullins v. National Casualty Co., 273 Ky. 686, 117 S.W.2d 928, 118 A.L.R. 331; Minnesota, Orenstein v. Preferred Acc. Ins. Co. of New York, 138 Minn. 10, 163 N.W. 747; Massachusetts, Brown v. Boston Casualty Co., 295 Mass. 298, 3 N.E.2d 745; and, New York, Weickselbaum v. Commercial Travelers Mut. Acc. Ass'n of America, 129 N.Y. S.2d 612. These many decisions hold in essence that the 90 day provision is valid, its conceded purpose being to minimize uncertainty and dispute as to cause of a death allegedly due to accidental means by preventing the accident from becoming too remote in time. Although not mentioned in many of the cited cases we consider important and supportive of the validity of the 90 day limitation the fact that insurance companies set their rates for double indemnity coverage in reliance on the actuarial statistics and other data pertaining to deaths within such time period.
The sheer weight of judicial authority is contrary to the position taken by the Burne and Karl courts and in our opinion states the better view. We believe that the suggestion in Burne and Karl to the effect that such a proviso tends to encourage a beneficiary or medical practitioner to deny the insured medical treatment in order to cause death within the ninety day period to be absurd and unsound. As stated by the dissenting justice in Burne:
"Certainly no court should attempt to pass judgment on these possibilities under the rubric of `public policy'; no more should we strike down the clause in issue because of unfounded and conjectural fear that the greed of a beneficiary will be allowed to deny proper medical treatment to the insured patient."
We conclude that plaintiff is not entitled to recovery of accidental death benefits under the policy. It follows that plaintiffs' demand for penalties and attorney's fees is without foundation.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
WATSON, J., dissents and assigns reasons.
WATSON, Judge, dissenting:
I respectfully dissent.
Burne v. Franklin Life Insurance Company, 301 A.2d 799 (Pa., 1973) points out two reasons why a 90-day policy limitation such as this should not be enforced when death clearly results from the original accident. First, it is against public policy for medical treatment or prolongation of life to be influenced by the possibility of financial loss if care is extended beyond 90 days. Second, the purpose of such a provision is to prove that death actually resulted from a particular accident. When there is no question of causation and it is clear that the accident resulted in eventual death, the provision is not pertinent and should be ignored. Karl v. New York Life Ins. Co., 139 N.J.Super. 318, 353 A.2d 564 (1976) follows Burne, supra, and also points out that the time interval between an accident and resulting death does not have any real effect on the insurance company's risk. The provision in question *1189 is primarily intended to prevent a company from having to pay benefits for a death caused by an intervening accident. It is well established in Louisiana that an exclusionary provision should not be construed to carry out a result beyond its purpose. Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969).
Daburlos v. Commercial Insurance Co. of Newark, N.J., 521 F.2d 18 (U.S. 3 Cir. 1975) holds that, under Pennsylvania law, an insurer who wishes to claim an exclusion or limitation of coverage must prove that the insured had knowledge of that exclusion or limitation and its effect. Louisiana requires, in LSA-R.S. 22:215 A(3)(g), that when an insurer writes a group policy:
"* * * The insurer shall furnish to the policyholder for delivery to the insured a certificate of insurance which shall disclose the benefits, limitations, exclusions and reductions contained in the policy and the provisions relating to notice of claim, proof of loss, time of payment of claim and any other relevant information, including the name and address of the insurer. * * *"
One obvious purpose of this requirement is to give an insured notice of any limitations or exclusions affecting his coverage. Colvin v. Louisiana Hospital Service, Inc., 321 So.2d 416 (La.App. 2 Cir. 1975), writ denied, 323 So.2d 476. There is no showing in the instant case that the insured was aware double benefits could be recovered if death occurred within 90 days of an accident. The question of knowledge of the policy provisions, actual or constructive, is not covered in the stipulation of facts. A provision of which the insured was unaware should not serve to defeat recovery. The record indicates by omission that the terms and conditions of this policy were unknown to the insured decedent, Chauncey L. Pitre, or his beneficiary. Daburlos, supra, points out that the insurance policies involved were ". . . classic contracts of adhesion, purchased in standardized form . . ." 521 F.2d 23.[1] That is also the case with this group policy. The policy is written by the insurer and the individual insured does not consent to its terms. Continental Automobile Association, Inc. v. Hansen, 334 So.2d 437 (La.App. 4 Cir. 1976).
The courts of Louisiana have in the past refused to give effect to policy provisions which are found to be in conflict with the public policy of the state. See O'Donnell v. Fidelity General Ins. Co., 344 So.2d 91 (La. App. 2 Cir. 1977). The provision here is in my opinion contrary to Louisiana public policy.
The 90-day provision should not be given effect. Therefore, I dissent.
NOTES
[1] Although the caption of the record in this case reflects that New York Life Insurance Company is the defendant-appellee, the record reflects that Business Insurance Life of America is the proper defendant.
[1] Compare the adhesion clause stipulating applicable law (professio juris) in Davis v. Humble Oil & Refining Company, 283 So.2d 783 (La.App. 1 Cir. 1973) at 787 et seq.