RENDERED: JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1310-MR

PIERETTE THOMPSON                                                                      APPELLANT

v.        APPEAL FROM MARTIN CIRCUIT COURT
          HONORABLE JOHN DAVID PRESTON, JUDGE
          ACTION NO. 20-CI-00071

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Pierette Thompson appeals from the order granting State Farm

Mutual Automobile Insurance Company (State Farm) summary judgment, entered

on October 7, 2021, by the Martin Circuit Court.  Following a careful review of the

record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 30, 2018, Thompson paid Earnest Dingess, Sr., to give her a ride to a local Cash Express. Thompson alleges that while they were in Dingess's car in the parking lot, another vehicle ran into them. She claims Dingess exited his vehicle and spoke with the other driver but let the driver leave without obtaining any personal information. No police report was filed.

On January 26, 2019, Thompson contacted Dingess's insurance company, State Farm, seeking uninsured motorist benefits. When State Farm questioned Dingess about the incident, he admitted he drove Thompson to Cash Express but denied having an automobile accident. Because no police report was filed and State Farm was not notified about an accident within 30 days as required by the policy, State Farm denied coverage.

Thompson eventually sued Dingess, State Farm, and an unknown defendant – the other driver. Both Dingess and State Farm moved the trial court for summary judgment, which was granted. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

## ANALYSIS

On appeal, Thompson asserts the trial court erred in dismissing her claims against State Farm. She argues State Farm's 30-day notification requirement impermissibly shortens the statute of limitations for making an uninsured motorist claim, citing *Elkins v. Kentucky Farm Bureau Mutual Insurance Company*, 844 S.W.2d 423 (Ky. App. 1992), in which a one-year limitation for filing suit was held unreasonable. However, the case herein differs factually and legally from *Elkins*, including the fact this case arises from an alleged hit-and-run accident.

Under KRS[2] 304.20-020(2), an "uninsured motor vehicle" includes:

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; an insured motor vehicle with respect to which the amounts provided, under the bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such motor vehicle, are less than the limits described in KRS 304.39-110; and an insured motor vehicle to the extent that the amounts provided in the liability coverage applicable at the time of the accident is denied by the insurer writing the same.

This definition "does not provide that a motor vehicle will be considered uninsured when the driver flees the scene and cannot be identified. If the legislature had intended to include 'hit and run' vehicles within the mandated coverage, it could have done so." *Huelsman v. Nat'l Emblem Ins. Co.*, 551 S.W.2d 579, 580 (Ky. App. 1977). It did not, nor may we do so on its behalf.

Shortly after the passage of Kentucky's Motor Vehicle Reparations Act, it was established by the Supreme Court of Kentucky that although insurers are required by KRS 304.20-020 to provide uninsured motorist coverage, "there is no requirement that coverage against loss caused by hit-and-run vehicles be afforded." *Jett v. Doe*, 551 S.W.2d 221, 222-23 (Ky. 1977). It further held:

the statute recognizes by its language "subject to the terms and conditions of such coverage" contained in subsection (2), that insurers may insert restrictions in their policies' provisions defining what is an "uninsured motor vehicle." The matter herein is thus a purely contractual issue between the insurer and its insured

which we cannot disturb. By issuing an automobile liability policy providing for uninsured motorist coverage in hit-and-run cases, even though such coverage be subject to the restriction under consideration here, the insurer is providing coverage greater than that required by KRS 304.20-020. **The insurer, in affording this additional coverage, has the right to require whatever conditions precedent to such protection as it sees fit, and once such a condition is clearly expressed in the policy and agreed upon by the parties, the courts must give it full force and effect and abstain from making a new or different contract** under the guise of interpretation at the instance of a disappointed party. [*Mullins v. Nat'l Cas. Co.*,] 273 Ky. 686, 117 S.W.2d 928 (1938). In bringing a claim under the hit-and-run provision here, it was incumbent upon the insured to bring herself within its requirements. This the appellant admits she has not done. We therefore must conclude there to have been no error in the circuit court's judgment denying coverage.

*Id.* at 223 (emphasis added).

Turning to the case herein, there is no dispute that even if there was an accident, it was a hit-and-run. Accordingly, compliance with the terms of the policy was mandatory for coverage, and any failure to do so forfeited said coverage. Thompson's contention that she should not be held to the terms of the policy is nonsensical because a second-class insured[3] is not afforded greater rights

---

[3] Ordinarily, there are two classes of insureds. The first class generally consists of "the named insured, the insured who bought and paid for the protection and who has a statutory right to reject uninsured motorist coverage, and the members of his family residing in the same household." *Ohio Cas. Ins. Co. v. Stanfield*, 581 S.W.2d 555, 557 (Ky. 1979). The second class is normally comprised of others in the vehicle at the time of the accident. While the protection afforded to the first class is typically broad, that of the second class can be more limited.

and coverage than a first-class insured who procured and paid premiums for said coverage. Thus, the trial court did not err in dismissing Thompson's claims against State Farm.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Martin Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Travis O. Terry
Hindman, Kentucky

BRIEF FOR APPELLEE:

Darrin W. Banks
John V. Porter
Cameron D. Allen
Paintsville, Kentucky