ROANOKE RAILROAD AND LUMBER COMPANY v. J. B. PRIVETTE.

(Filed 10 September, 1919.)·

1. **Options—Timber Contracts— Specific Performance— Evidence— Instructions—Questions for Jury—Trials.**

In an action to enforce specific performance of an option to cut timber the evidence was conflicting as to whether the period of ten days for acceptance was extended to fifteen days. The evidence tended to show that a check for the amount was tendered the defendant within fifteen days, but after the lapse of ten days: *Held*, an instruction was erroneous, as invading the province of the jury, to find for the plaintiff if the jury found the facts to be as testified.

2. **Legal Tender—Waiver—Burden of Proof.**

A check is not a legal tender of the contract price, and will not have the effect of such, unless such tender is waived by the other party, with the burden of proof on the party claiming it.

APPEAL by defendant from *Bond, J.,* at February Term, 1919, of NASH.

This is an action for specific performance of an option in favor of the plaintiff to cut timber. Verdict and judgment for the plaintiff. Appeal by the defendant.

*Austin & Davenport, Bunn & Spruill, Small, MacLean, Bragaw & Rodman for plaintiff.*

*Finch & Vaughan, W. H. Yarborough, J. S. Manning and J. Crawford Biggs for defendant.*

CLARK, C. J. There are several assignments of error, but the defendant's brief presents but one, and that is sufficient for the disposition of this appeal. The plaintiff sued for specific performance of an option

dated 14 March, 1917, alleging that within the time prescribed it offered to comply with the terms of the option and that it was ready, able and willing to do so. This was denied by the defendant.

The evidence is that it was verbally agreed that the plaintiff was to have an option for ten days and that plaintiff's agent, G. D. Taylor, prepared the option and then read it to the defendant as if it was written for ten days, but as a matter of fact he left the time blank, and after the option was signed and delivered he testified the defendant agreed to extend the time to fifteen days. This is denied by the defendant. It is admitted by the plaintiff that the draftsman Taylor, its agent, did not insert the fifteen days in the option at the time, and it is not clear when it was done, but there is evidence that it was not till after this controversy arose. There was also evidence that Taylor read the option differently from what he had written in other respects. There was evidence on the part of the plaintiff that on 24 March, 1917, within the ten days, the plaintiff was able, ready and willing to pay the money, and that it so notified the defendant. This is contradicted by evidence for the defendant.

There is also evidence on the part of the plaintiff tending to prove that on 24 March the plaintiff had not decided to take the land, for the plaintiff's witness, Rodman, testified that he went to Nash on 24 March to investigate the title, and plaintiff's witness, Taylor, who was its agent on the ground to secure options and who prepared this option, wrote under date of 26 March to plaintiff's attorney, Rodman, just after the latter's trip of 24 March to Nash County, as follows: "Dear Sir: Enclosed find plat of J. B. Privette's land from which you can get proper description of the timber which we propose to buy from him *provided, however, the company agrees to take it up. If they have agreed to make this purchase,* please let me have the deed as early as possible as Mr. Privette appears to be impatient and dissatisfied."

Rodman testified that he went from Nash to Norfolk and had a conference on 26 March with the company and then went home to prepare the deed, and it was forwarded to Taylor who presented it to the defendant for his signature with check for $17,500 on 29 March, but the defendant refused to accept the check or execute the deed because the time limit of ten days had then expired.

The court charged the jury that "The second issue is, Was the plaintiff company at all times ready, able, and willing to comply with its part of the agreement, as alleged in the complaint," and further told them, "As to second issue, I say if you believe the evidence in the case and find the facts to be as it tends to prove, your answer to the second issue ought to be 'Yes.'"

Plaintiff contends that there was a verbal extension of the option to fifteen days, but this is denied by the defendant in his testimony, and the charge of the court was equivalent to telling the jury that the evidence was uncontradicted that the plaintiff was ready and willing to perform within the ten days, yet the defendant testified that no tender or offer was made by that date, and Mr. Rodman was not sent there to make the examination of title till that date, and he did not make his report to the company till 26 March.

Taylor's letter of 26 March is evidence that at that time he had received no instructions from the company to close the deal, and so far as he knew the company had not then decided to take the property. Under the evidence it was for the jury to say whether the company was ready and willing on 24 March to take the title. The charge of the court was tantamount to telling the jury that the extension to fifteen days had been agreed upon though this was controverted. This was an invasion of the province of the jury.

It must be noted that the check was not a legal tender unless there had been evidence that the defendant was willing to accept a check in lieu of $17,500 in legal tender money. The burden was on the plaintiff to prove a waiver.

Error.