LENWOOD E. CLARK v. FEDERAL LIFE INSURANCE COMPANY.

(Filed 26 January, 1927.)

1. **Insurance, Accident—Policies—Contracts—Receipts for Premiums—Instructions—Appeal and Error.**

The printed matter upon the back of a receipt given to the insured under an accident policy as to the value of the policy issued, is no part of the contract and cannot effect an increased liability on the part of the insurer for a loss arising thereunder, and error in admitting it in evidence is cured by an instruction of the court making the liability of the insurer dependent entirely upon the terms of the policy contract.

2. **Insurance, Accident—Delay by Insurer to Deliver Policy to the Insured—Actions.**

Where a policy of accident insurance has been issued before the accident in suit, and its delivery by error or oversight of the insurer has been delayed beyond that time, and the premiums have been paid, the action thereon may be maintained.

3. **Appeal and Error—Insurance, Accident—Misrepresentations.**

Where a policy of accident insurance has been issued and accepted by the insured, nothing else appearing, the insured may not contend on appeal that the policy differed materially from the one applied for, when such right has not been properly presented upon the trial.

4. **Insurance, Accident—Stipulations as to Delay in Amputating Foot—Valid Provisions.**

Where among other things in a policy of accident insurance, that to recover for the loss of a foot, it is provided that the foot must have been amputated within thirty days from the date of the accident: *Held*, the stipulation is a valid and enforceable one, whatever the insured's reason for a delay in amputating the foot may have been, when not consented to by the insurer.

5. **Insurance, Accident—Policies—Contracts—Provisions — Approval of Insurance Commissioner—Evidence.**

The approval of the Insurance Commissioner of a form of accident insurance is weighty evidence of the validity of its provisions, but not controlling upon the courts. C. S., ch. 106, subch. 5, art. 23.

6. **Insurance, Accident — Policies — Contracts — Provisions — Alternate Liability.**

Where an accident insurance policy creates a liability for loss of time and a foot, but restricts the right of the insured to recover loss on only one of them: *Held*, the provision is valid, and he may not recover for both in his action.

7. **Tender—Payment—Checks—Insurance, Accident.**

A check given by the insurer to the insured in payment for an acknowledged liability, as to a part of its liability is not a legal tender to support a plea of payment.

APPEAL by defendant from *Lane, J.,* at May Term, 1926, of CALDWELL. New trial.

Action upon policy of accident insurance, dated 21 April, 1925. Plaintiff contends that under the provisions of said policy defendant is liable to him in the sum of $1,000, for the loss of a foot, resulting from injuries received on 28 June, 1925, caused by the wrecking of an automobile in which plaintiff was riding; also in the sum of $260.00 for weekly indemnity, in accordance with the provisions of the policy.

Defendant denies liability on account of the loss by plaintiff of his foot, and pleads payment of the sum of $260.00 in full discharge of all liability under the policy.

The issue submitted to the jury was answered as follows: "What amount, if any, is plaintiff entitled to recover of defendant? Answer: $1,000.00."

From judgment on the verdict, defendant appealed to the Supreme Court.

*W. C. Newland and Squires & Whisnant for plaintiff.*
*M. H. Yount, Pou & Pou and J. L. Emanuel for defendant.*

CONNOR, J. There was no conflict in the evidence offered upon the trial of this action. The uncontroverted facts pertinent to the issue submitted to the jury, without objection from either plaintiff or defendant, were as follows:

1. On 21 April, 1925, defendant issued to plaintiff a receipt, in writing, in form as follows:

$2.00                                                                    4/21/25

OFFICIAL RECEIPT FOR ANNUAL PREMIUM
ON FEDERALIZED TRAVEL ACCIDENT POLICY

Received of Linwood E. Clark the sum of two and no/100 in payment of the annual premium for a Federalized Travel Accident Policy, maintaining said policy in force for one year from date of its issuance.

This receipt is not valid unless signed by a duly authorized representative.

CLARENCE E. LACKEY,                    FEDERAL LIFE INSURANCE COMPANY,
    *Duly Authorized Representative.*        O. E. MARLEY, *Treasurer.*

On the back of this receipt is printed the following:

FEDERAL TRAVEL ACCIDENT POLICY
See What Two Dollars Will Do

For injuries due to wrecking or disablement of any private or public automobile, street car, railroad train, or steamboat while insured is therein, or is thrown therefrom, or while in a burning building:

Loss or life ................ ......... ................................. . .. .......'...... $2,000.00
Loss of 2 limbs or 2 eyes .. ..... ..... . ............. .. ... ..... .... 2,000.00
Loss of 1 limb or 1 eye . . . ... ...... .............. . ......... 1,000.00
Weekly indemnity of $20.00 per week, limit 13 weeks.
Loss of life . ........... ........... . ................... .. .. ..... ... ....$ 500.00

caused by being struck, or knocked down, or run over, while walking or standing on a public highway, by automobile, horse-drawn vehicle, street car or train.

All for only $2.00 per year.
FEDERAL LIFE INSURANCE COMPANY,
Chicago
ISAAC MILLER HAMILTON, *President.*

2. On 28 June, 1925, an automobile in which plaintiff was riding with friends, was wrecked by an accident. The automobile turned over and caught fire. Plaintiff was injured, his leg being badly burned below the knee. Because of the injuries then and there sustained, plaintiff was taken to a hospital, where he received medical and surgical treatment for his injuries. He was wholly unable and prevented by said injuries from performing any duty pertaining to any kind of business, labor or occupation continuously for more than thirteen weeks.

Plaintiff's leg was so badly burned in the wreck of the automobile that fragments of flesh were trimmed off by the surgeon within a week after his injury. He was advised by a physician to have the leg amputated, but objected to the amputation, because of his suffering, and also because he hoped that his leg might be saved. The flesh began to decay, and the tendons of his leg sloughed off, exposing the bone. Finally, on 17 August, 1925, the leg was amputated by a surgeon, six inches below the knee. The amputation was necessary because of the injuries received by plaintiff in the automobile wreck. Plaintiff has suffered the loss of a foot, from an injury received while riding in an automobile, which was wrecked by an accident; the foot was amputated above the ankle, more than thirty days after the injury was sustained.

3. No policy of insurance had been delivered to plaintiff or issued by defendant at the time plaintiff was injured, to wit: 28 June, 1925. The application for the policy, signed by plaintiff on 21 April, 1925,

the day on which the premium was paid and the receipt delivered, had in some way been mislaid or overlooked by defendant. A claim was filed by plaintiff with defendant after 28 June, 1925, on account of injuries received by him on said date, and on 28 July, 1925, defendant issued and delivered to plaintiff a policy of insurance, bearing date 21 April, 1925. This policy bears on its face the words, "Federalized Travel Accident Policy." It is in the form filed with and approved by the Insurance Commissioner of the State of North Carolina. This policy was received and accepted by plaintiff after 17 August, 1925, the day on which his leg was amputated by the surgeon. It was offered in evidence at the trial by plaintiff.

By the terms of this policy, ·defendant insured plaintiff, "against death or disability resulting directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means, subject to the limitations and conditions herein contained."

Pertinent provisions of the policy are as follows: Part I. "If the insured by the wrecking or disablement . . . of a motor driven car . . . suffer any of the specific losses set forth below in this Part I, the company will pay the sum set opposite such loss:

For loss of
Life ... ... .. ... ... ...Two thousand dollars ($2,000.00)
Both hands . ... ... ... . . Two thousand dollars ($2,000.00)
Both feet ... ... ... Two thousand dollars ($2,000.00)
Sight of both eyes ... .. ...Two thousand dollars ($2,000.00)
Either foot ... . ... One thousand dollars ($1,000.00)"

Part III. "If the insured sustains injuries in any manner specified in Part I which shall not prove fatal, or cause loss as aforesaid, but shall immediately, continuously, and wholly disable and prevent the insured from performing each and every duty pertaining to any and every kind of business, labor or occupation during the term of such disablement, but not exceeding three consecutive months, the company will pay indemnity at the rate of twenty dollars ($20.00) per week."

General Provisions: "(1) In every case referred to in this policy, the loss of any member or members shall mean loss by severance at or above the ankle or wrist joints; and the loss of sight of eye or eyes shall mean the total and irrecoverable loss of the entire sight thereof."

"(2) Not more than one of the indemnities specified above shall be payable as the result of any one accident."

"(3) No indemnity will be paid for death caused by other means or other conditions than those set forth in Part I or II, nor will indemnity

be paid for loss of limb or sight caused by other means or under other conditions than those set forth in Part I, nor in any case where death or such other loss does not occur within thirty days from the date of the accident. No indemnity will be paid for disability caused by any other means, or under other conditions than those specified in Part III. In event of specific loss no indemnity shall be paid for loss of time."

4. After the policy was issued by defendant, and delivered to and accepted by plaintiff, and at a date prior to 21 November, 1925, defendant issued and delivered to plaintiff its check for $260.00, in discharge of its liability under the policy on account of the weekly indemnity, which it admitted; plaintiff did not return said check, nor has he endorsed it. At the time of the trial, in May, 1926, the check was in the possession of plaintiff's attorney. Neither plaintiff nor his attorney has offered to return the check to defendant.

This is no contention that said check, if properly endorsed and presented for payment, will not be paid, according to its tenor. Plaintiff has not endorsed the check and presented it for payment because he contends that defendant is liable to him not only for the amount of the check, but also for the sum of $1,000.00, on account of the loss of his foot.

Upon the foregoing facts, the rights of plaintiff and the liabilities of defendant, with respect to the subject-matter of this action, are to be determined, as correctly held by the trial judge, by the terms and provisions of the policy and not by the receipt.

The receipt was primarily an acknowledgment by defendant of the payment by plaintiff of the annual premium for a "Federalized Travel Accident Policy," to be in force for one year from the date of its issuance. It is also evidence of a contract by which defendant agreed to issue to plaintiff, a policy of insurance such as that described therein. It is in the nature of a "binder," or "memorandum," such as was held valid in *Lea v. Ins. Co.,* 168 N. C., 478. It does not purport to be a policy of insurance, or to contain the terms and conditions of a contract of insurance. Whether defendant became liable under the terms of the policy for which plaintiff paid the premium, on the date of the receipt, or on the date of the actual issuance of the policy, is not presented by any contention upon this record, for defendant at the time of its issuance dated the policy 21 April, 1925. Defendant conceded that it became liable to plaintiff in accordance with the provisions of its Federalized Travel Accident Policy, on 21 April, 1925. It therefore dated the policy issued thereafter on said date. This policy was accepted by plaintiff, upon its delivery to him after the date on which his foot was amputated, and was introduced as evidence upon the trial of this action by plaintiff.

In his complaint, plaintiff alleges that the policy issued by defendant, differed in material respects from the policy which defendant had agreed to issue. This allegation was denied in the answer of defendant. No issue with respect to this matter was tendered for submission to the jury. In the absence of a finding by the jury, in answer to an appropriate issue, that said policy was not in all respects the identical policy which defendant had agreed to issue for the premium paid by plaintiff on 21 April, 1925, it must be held upon all the facts shown by the evidence, that by the issuance and delivery of said policy, defendant complied fully with its contract dated 21 April, 1925. The statement printed on the back of the receipt, showing in general terms the specific sums which will be paid for specific losses, is no part of the contract of insurance. *Graham v. Ins. Co.,* 176 N. C., 315. The admission of the statement as evidence was error; it was not, however, prejudicial, for the court instructed the jury that defendant's liability to plaintiff for any claim or claims for loss resulting from injuries sustained in the wreck of . the automobile on 28 June, 1925, must be determined by the provisions of the policy, and not by the statement printed on the back of the receipt. The fact that the policy was actually issued subsequently to the date on which the injuries were sustained, is immaterial upon the facts of this case. *Rayburn v. Casualty Co.,* 138 N. C., 379.

With respect to the claim for loss by plaintiff of his foot, it should be noted that the policy provides that no indemnity shall be paid for loss of a limb where such loss does not occur within thirty days from the date of the accident. The accident resulting in injuries to plaintiff's foot occurred on 28 June, 1925; the foot was amputated by the surgeon on 17 August, 1925. This was more than thirty days after the accident. It is further provided in the policy that the loss of a member shall mean the loss by severance at or above the ankle or wrist joints. Defendant is therefore not liable under the express provisions of the policy for the loss of plaintiff's foot, unless such loss was the result of its severance within thirty days from the accident. It cannot be held upon the facts established by the evidence in this case that there was a loss of a foot prior to 17 August, 1925; defendant is not liable for the loss on said date if the provisions of the policy, with respect to the time within which the loss shall occur after the accident, are valid.

The court instructed the jury that the provision in the policy that defendant should not be liable for a loss of limb by severance unless such loss occurred within thirty days after the accident, was unreasonable and against public policy, and therefore void. The form of the policy was submitted to and approved by the Insurance Commissioner of the State of North Carolina as required by statute. Chapter 106, Consolidated

Statutes, subchap. V, Art. 23. Such approval is not conclusive either upon the insured or upon the courts of this State; it is, however, entitled to great weight upon the contention that it is unreasonable and against public policy. We are unable to perceive upon what valid ground the limitation upon the insurer's liability can be held void. In view of the small premium received by the company for the policy, and the limited protection which the insured evidently desired, the provision is not unreasonable. There was error in the instruction that the provision in the policy, relied upon by defendant as determining its liability on account of the loss of plaintiff's foot, was void. Defendant's assignment of error based upon its exception to this instruction is sustained.

Upon all the facts established by the evidence, defendant is not liable under its policy to plaintiff for the loss of his foot. It is liable, however, for his loss of time and plaintiff is entitled to recover the sum of $260 as the weekly indemnity provided in the policy. Defendant admitted its liability for this sum and tendered its check in payment. The check, however, although it may be that when properly endorsed and presented for payment it will be paid, is not such legal tender as will sustain the plea of payment. *Lumber Co. v. Privette,* 178 N. C., 37. Upon all the evidence, the jury should have been instructed to answer the issue, "$260.00, with interest from the date on which said sum was due."

. In view of our decision of the questions presented by defendant's appeal, it is not necessary to discuss the assignments of error upon plaintiff's appeal. Under the provisions of the policy, there can be a recovery of only one indemnity provided for therein. Plaintiff is not entitled to recover for the loss of his foot; if upon the facts he was entitled to recover for such loss, he could not recover for both loss of his foot and loss of time. He is entitled to recover indemnity for loss of time only.

It is apparent that there was no error in refusing defendant's motion for judgment as of nonsuit. There must be a

New trial.