## WILLIAM T. PARKER, JR. v.
## STATE CAPITAL LIFE INSURANCE COMPANY.

(Filed 20 March 1963.)

**1. Appeal and Error § 22—**

Where motions to nonsuit are properly preserved, the cause should be dismissed when the evidence is insufficient to make out a case.

**2. Insurance § 3—**

Where the ultimate and controlling facts are not in dispute, the construction of a policy of insurance becomes a matter of law.

**3. Insurance § 36—**

Where a policy provides benefits if insured is hospitalized for an injury within 30 days of the accident causing such injury, insured may not recover if he is hospitalized for an injury 51 days after the accident notwithstanding that he should have been treated within the 30 day period, the time limitation being unambiguous.

APPEAL by defendant from *Pittman, S.J.,* October 29, 1962 Special "B" Civil Term, MECKLENBURG Superior Court.

Plaintiff, the insured, instituted this civil action to recover indemnity for hospital expenses and weekly income losses under a policy of insurance issued by the defendant. Both the hospital expenses and the income losses, to be compensable, must result directly and independently of all other causes from injury by accident. These claims arise under the "SPECIAL INDEMNITIES" provisions of the policy. Part 3 provides: "HOSPITAL INDEMNITY. If such injuries sustained by the Insured shall, within 30 days from the date of the accident, necessitate his removal to and continuous confinement within an incorporated hospital, . . . the company will pay indemnity for the period of such confinement at the rate of $10.00 per day up to a maximum of $300.00. * * * Part 6. WEEKLY INCOME WHILE IN HOSPITAL. If such injuries sustained by the Insured shall, within 30 days from the date of the accident, necessitate his removal to and continuous confinement within an incorporated hospital . . . the company will pay indemnity for the period of such confinement, at the rate of $50.00 per week, up to a maximum of $200.00." The form of the policy and the amount of the premium were approved by the North Carolina Insurance Commissioner.

The evidence was sufficient to establish the following: On October 1, 1961, the plaintiff, while attempting to extinguish a fire in the back of his truck, fell over backwards, striking a drink cooler on the ground. He suffered burns to his hands and injury to his back. The following day he consulted Dr. Charles D. Williams, Jr., who referred him to

Dr. Arrendell for treatment of the burns. Three days later he again consulted Dr. Williams, complaining of his back, and gave a history of having been injured in the fall from his truck. Although he did some work, nevertheless his back and right side continued to cause increasing pain. On November 20, 1961, he consulted Dr. Squires, an urologist and surgeon, who found an injured right kidney and on that day placed him in Mercy Hospital. On December 4, Dr. Squires removed the right kidney. The present claims grew out of this hospital confinement.

Dr. Squires had treated the plaintiff in 1956 for a stone in the left kidney and in 1960 during a checkup examination found the plaintiff's right kidney to be "nonfunctioning," although not giving him any trouble. Dr. Squires gave as his opinion that the fall on October 1, 1961, aggravated the kidney condition, requiring the operation, and that plaintiff should have been hospitalized soon after the injury and well within 30 days following the injury.

The trial judge, sitting without a jury, in the small claims division of the superior court, made findings of fact, among which are these crucial ones:

"(5)   That the traumatic injury to the right kidney of plaintiff sustained on the 1st day of October, 1961, necessitated within a period of thirty days of the date of the accident his removal to an incorporated hospital and continuous confinement therein, although the plaintiff was not confined in the hospital, to wit, Mercy Hospital, Inc., Charlotte, North Carolina, until November 21, 1961, by Dr. Claud Squires who, on December 4, 1961, removed the right kidney of plaintiff by surgical operation in said Mercy Hospital, Inc.;

"(6)   That the traumatic injury to the right kidney of plaintiff was the sole and independent cause for removal of the right kidney of plaintiff, and necessitated his removal to an incorporated hospital and continuous confinement therein within a period of thirty days from October 1, 1961; that plaintiff was treated by Dr. C. D. Williams, Jr. of Charlotte, North Carolina after he was given emergency treatment at Monroe General Hospital, Inc. on the 1st day of October, 1961, and later in said day brought to Charlotte to his home; said Dr. Williams is not an urologist";

On the basis of findings, the judge concluded the plaintiff was entitled to recover both for hospital indemnity and loss of wages, and rendered judgment accordingly, from which the defendant appealed.

*Elbert E. Foster for plaintiff appellee.*

*Berry & Browne, Allen and Steed by Thomas W. Steed, Jr., for defendant appellant.*

HIGGINS, J.   The essential facts are not in dispute. The plaintiff contends the court's finding No. 6, unexcepted to, is conclusive, and establishes his right to recover under the policy. However, the defendant, at the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, moved for judgment of nonsuit. Exceptions to the refusal to nonsuit were taken and are assigned as error. Consequently, the question whether No. 6 is a finding of fact, a conclusion of law, or a combination of both, is immaterial. The sufficiency of all the evidence to support the judgment is challenged by the assignment of error. The ultimate and controlling facts not being in dispute, the construction of the policy becomes a matter of law.

The parties admit the plaintiff received an injury by accident on October 1, 1961. He received first aid treatment for burns on that date. Within two or three days thereafter he developed pain over the kidney area. However, he did some work in his regular occupation as driver of the fire truck. The pain became more and more intense until on November 21, under his doctor's orders, he entered Mercy Hospital in Charlotte where, on December 4, Dr. Squires removed his right kidney.

Claims are provided for under "SPECIAL INDEMNITY" provisions of the policy. The main coverage is for loss of life, one or both hands, one or both feet, the sight of one or both eyes, amputation of certain fingers on one or both hands. No. 3 provides for the indemnity for the expenses of hospital confinement. No. 6 provides for weekly income while in hospital for the period of such confinement. Both provisions require that the loss shall occur within 30 days from the date of the accident, and that the confinement must be continuous. Within 30 days from the time it happened, the accident must necessitate removal to and continuous confinement within an incorporated hospital. Actually the terms cover only what the victim of the accident does — not what he might have done.

All the evidence indicated, and the court found, the plaintiff did not enter the hospital until 51 days after the accident. Notwithstanding the doctor's testimony that claimant should have entered the hospital for treatment of his injury within the period of 30 days after he sustained his injury, nevertheless he delayed for 51 days. The insurance policy, by its plain and unambiguous terms, insures against

what actually happens to the patient — not what some doctor may conclude afterwards should have happened to him.

The policy upon which the plaintiff seeks to recover was approved both as to form and premium rate by the North Carolina Commissioner of Insurance. In order to determine a reasonable premium rate for accidental injury, the insurer, by the contract, must set out the specific types of loss which are covered and also the time limit within which the loss must actually occur. The time limitations fixed by the policy within which the loss must occur is based on the theory that the longer the time between the accident and the time the loss is incurred, the greater the chances are that facts not attributable to the injury do contribute to the loss. *Clark v. Ins. Co.*, 193 N.C. 166, 136 S.E. 291; *Continental Casualty Co. v. Ogburn*, 175 Ala. 375, 57 So. 852; *Mullis v. National Casualty Co.*, 273 Ky. 686, 117 S.W. 2d 928; 29A Am. Jur., Insurance, 1163; 118 A.L.R. 335. " . . . (P)olicies of insurance, like other contracts, must receive a reasonable interpretation consonant with the apparent object and plain intent of the parties." *Powers v. Ins. Co.*, 186 N.C. 336, 119 S.E. 481; 14 R.C.L. 931.

The beginning of the time period in which the loss must occur is fixed at 30 days from the date of the accident. The fact that plaintiff chose to purchase a policy with insufficient time limit to cover this particular loss neither justifies nor permits the court to rewrite the policy to cover the loss. Judgment of nonsuit should have been entered at the close of the evidence. The judgment in favor of the plaintiff in the court below is

Reversed.